## DE WALT v. UNIVERSAL FILM EXCHANGES, Inc.
### No. 3097.

Court of Civil Appeals of Texas. El Paso.
Jan. 3, 1935.

Rehearing Denied Jan. 24, 1935.

W. J. Durham, of Sherman, for appellant.

Alvin H. Lane and Felix D. Robertson, both of Dallas, for appellee.

WALTHALL, Justice.

In this appeal appellant, Mrs. O. P. De Walt, assigns error to the order of the court overruling her plea of privilege to be sued in Harris county, Tex., the county of her residence.

Appellee brought this suit in Dallas county against appellant upon six contracts, all in writing, of different dates, each signed by appellant, and in each of the contracts Mrs. O. P. De Walt was by appellee granted a license to exhibit at appellant's Lincoln Theatre in Houston, Tex., certain pictures specified in the schedules in the contracts, and for which she agreed to pay for said pictures as available, in the order of release, as in said contracts specified.

Appellee's petition alleges that appellant had failed and refused to exhibit the pictures covered by the several contracts indicated and to pay therefor the contract price, as therein itemized and stated. Appellee sues to recover of appellant its damages, itemized and stated, by reason of the matters alleged. The said several contracts are each attached to, and by allegation made a part of, the petition.

While each of the contracts provides that Mrs. De Walt agreed to exhibit the pictures in Harris county and to pay for same as and when available, of the six contracts two have what appears to be impressed or stamped thereon the following: "All sums payable hereunder are payable at Dallas, Dallas County, Texas."

Other than the above, the contracts have no definite stated place of payment.

In due time appellant filed her verified plea of privilege, in due form, to be sued in Harris county,

Appellee filed its verified controverting affidavit, submitting, in effect, that the contracts are in writing and made payable in Dallas county.

By a supplemental plea of privilege appellant demurred generally to appellee's controverting affidavit, and further made general denial of the facts stated in the controverting affidavit.

The court heard the evidence upon the plea and overruled the plea, and appellant prosecutes this appeal from said ruling and order.

### Opinion.

On the hearing of the plea of privilege, the following evidence, briefly stated, was offered: W. R. Pittenger testified: Was business manager for appellee; was familiar with the account of appellant; his duties were to see that the contracts are liquidated; identified the contracts sued on; the contracts were introduced in evidence over objection that they had not been properly proved and had no probative force on the issue raised by the plea of privilege; Mrs. De Walt had not paid for all of the pictures covered by the several contracts; witness received the contracts from the salesman immediately following the date of the contract; had never seen the contracts until they were delivered by the salesman, or by mail; witness had correspondence with appellant after receiving the contracts;

appellant paid a good part of each contract; she had never denied the contract.

Appellee agreed that Mrs. De Walt lived in Harris county.

Appellee in its brief states: "Mrs. De Walt did not file any sworn plea of non est factum," and the record shows that she did not.

Appellant submits three propositions complaining of the order of the court overruling her plea of privilege; they are to the effect that appellee failed to make a prima facie showing that she contracted in writing to pay the debt sued for in Dallas county; that the evidence that appellant contracted in writing to pay in Dallas county was insufficient to overcome appellant's denial under oath that she executed in writing the contracts sued on; error in overruling appellant's objections to appellee's exhibits (contracts) in view of her plea of privilege under oath, denying the execution of such instruments, there being no evidence which proved, or tended to prove, that appellant had signed, or caused to be signed, either of said instruments (contracts).

The only question we think necessary to consider is: Was appellant's plea of privilege a plea of non est factum as to said contracts? If it was, or had such legal effect, the burden would be upon appellee to offer evidence, aside from the instruments sued on, to make a prima facie case of appellant's actual execution of the contracts.

The question has often been before the courts, and at this time has been definitely decided by our Supreme Court. For the purpose of the question presented, we will assume that the contracts themselves are in writing and provide that the payments due thereunder are made payable in Dallas county.

Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845, was a suit by appellee on trade acceptances in writing. Johnson filed his plea of privilege to be sued in Webb county, the county of his residence. The Court of Civil Appeals certified the case. The first question submitted was: Is a sworn plea of privilege a sufficient denial under oath under articles 2008, 2010, and 3734 of Revised Statutes, to require the plaintiff to prove the execution of the trade acceptances sued on? Second: Were said trade acceptances properly admitted in evidence in this case over the objection that their execution had not been proved? Judge Short of the Commission of Appeals answered the first question in the affirmative and the second question in the negative. We need not recite here the court's reasoning or the authorities cited in support of the conclusions reached. The court said that the trial court erred in failing to sustain the plea of privilege for the reason that, unsupported by extraneous evidence, the instruments offered in evidence by the original plaintiff did not have the legal effect to discharge the burden of proof resting upon it to overturn the prima facie case made by the plea of privilege, that is, as submitted in the first question in the certificate, whether the sworn plea of privilege was sufficient to require the plaintiff to prove the execution of the trade acceptances.

In Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824, 825, quoting from the syllabus, it is said the plea of privilege put plaintiff to proof by extrinsic evidence of the execution by defendant of the written contract, which plaintiff claimed defendant agreed to perform in the county of the suit. The above was held by the Commission of Appeals, speaking through Judge Harvey, in answer to a certified question: "Did appellant's plea of privilege, to which appellee's controverting affidavit was filed, constitute, without further pleading, a proper plea of non est factum and a sworn denial of the alleged execution by appellant, or by his authority, of the written invoices, within the meaning of article 3734, R. S. 1925?"

The Supreme Court adopted the opinion of the Commission of Appeal in the above two cases.

From the above it is apparent to us that the trial district court was in error in overruling the plea of privilege and that the venue of the suit must be changed from Dallas county to Harris county, and it is so ordered.

For the reasons stated, it is ordered that the case be reversed and judgment here rendered sustaining the plea of privilege and transferring the venue to Harris county.

Reversed and rendered.