**NOAH et ux. v. GLENN.**

No. 8105.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Rehearing Denied April 24, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea seeking to change the venue to the county of defendants' residence.

The suit was upon a promissory note of defendants, payable in Bell county, and to foreclose a trust deed lien securing it.

Two grounds for reversal are urged:

1. That the controverting plea is insufficient in that it was verified only upon information and belief.

2. That no probative evidence was offered of the execution of the note or trust deed.

Omitting formal parts, the controverting plea reads:

"Now comes, H. C. Glenn, as Receiver for Temple Trust Company, plaintiff in the above numbered and entitled cause, and controverts the Plea of Privilege filed herein by the defendants J. I. Noah and wife, Myrtle Noah, on October 13, 1933, and says that he has good reason to believe, and does believe, and so alleges, that the defendants' plea is incorrect and that this court has venue of this cause, and of the persons of said defendants on the following grounds, to-wit:

"1. This suit has been brought on a note for $3400.00, dated March 1, 1931, executed by the defendants J. I. Noah and his wife, Myrtle Noah, payable to the order of Temple Trust Company, at its office in the City of Temple, Bell County, Texas, and to foreclose a deed of trust lien on all of Lot 5, Block 116 of Overton's Addition to the city of Lubbock, Lubbock County, Texas. Plaintiff seeks to recover personal judgment against the defendant J. I. Noah for the full amount due on said note, principal, accrued interest and attorney's fees, and to foreclose his deed of trust lien against both said defendants, J. I. Noah and Myrtle Noah.

"2. That this court has venue of this cause of action under the provisions of Article 1995, Revised Civil Statutes of this State, and particularly under Subdivision 5 of said Article, because the note sued on is payable at the office of Temple Trust Company in the city of Temple, Bell County, Texas, and was executed by the defendants J. I. Noah and wife, Mrytle Noah.

"3. That this court has venue of this cause of action because the note sued on, and being fully described in plaintiff's original petition filed herein, is payable in the City of Temple, Bell County, Texas, and for which reason said contract is performable in Bell County, and this court has venue of said cause, and of the persons of the defendants under the provisions of Article 1995 above mentioned.

"And reference is here made to plaintiff's original petition filed herein, and the same is made a part hereof as fully and to all intents and purposes as if copied verbatim herein."

The notary's certificate reads:

"Before me, the undersigned authority, on this day personally appeared H. C. Glenn, as Receiver for Temple Trust Company, plaintiff in the above numbered and entitled cause, who, being by me duly sworn, states that the above and foregoing plea is true in substance and in fact."

It will be observed that the plea avers that Glenn "says that he has good reason to believe, and does believe, and so alleges." So far we think this is clearly an averment upon information and belief. "So" placed as it is in the sentence means "thereupon"; that is, alleges upon what immediately precedes, namely, the belief and good reason for the belief. If "so" had been omitted, there might be substantial ground for appellee's contention that "alleges" is asserted absolutely as a fact in conjunction with the belief and good reason therefor. However that may be, the plea is susceptible of the construction that the allegation upon information and belief is intended to relate only to the law questions immediately following the above phrase: "That defendants' plea is incorrect and that this court has venue of this cause, and of the persons of defendants on the following grounds." These "grounds" are clearly recited as facts. Whatever ambiguity may arise from the wording, however, is clearly removed, we think, by the notary's certificate, which bears Glenn's signature. This certificate states unequivocally that "the plea is true in substance and in fact." Coon v. Glenn (No. 8104) 83 S. W.(2d) 379.

The note and trust deed were introduced in evidence without objection. The latter was acknowledged by appellants in the prescribed statutory form, and had been duly recorded. In Smith v. Dozier Const. Co. (Tex. Civ. App.) 66 S.W.(2d) 744, we held a mechanic's lien so acknowledged and recorded, sufficient to support proof of execution of the instrument. There, as here, the admission was without objection. The El Paso court held such instrument inadmissible, over objection, where no other proof of its execution was offered. In that case, however, the notary's certificate was not attached to the certified copy in evidence. There is this difference between the instant and Dozier Cases. There, the acknowledged and recorded instrument embodied the note provision fixing venue; whereas here that element of the note is omitted from its description in the trust deed. Whether this difference in the two cases calls for different holdings we find it unnecessary to decide, in view of the following.

The controverting plea was offered and "received" in evidence without any objection. It had no place in the evidence as a mere pleading; in which regard its inclusion in the transcript was sufficient. When received in evidence without objection, and without limitation as to purpose, it had the effect of establishing prima facie every fact it alleged. It was a verified statement of Glenn, as solemnly given as a deposition or oral testimony. True, it was not admissible over objection. But this, not because it had no probative force, but because it was made ex parte and without the privilege of cross-examination. In some characters of judicial proceedings ex parte affidavits are properly received in evidence. We know of no rule which would deny them any probative force, where they are received as evidence without objection. McKee v. McKee (Tex. Civ. App.) 12 S.W.(2d) 849 (mandamus refused) is directly in point. See, also, 3 C. J., p. 375, § 144e.

The order appealed from is affirmed.