### COON et al. v. GLENN.

No. 8104.

Court of Civil Appeals of Texas. Austin.
April 3, 1935.

Rehearing Denied May 8, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

On May 9, 1924, appellants C. D. Coon and wife executed to Temple Trust Company their five promissory notes, aggregating $12,000, each providing for 6 per cent. interest per annum. At the same time appellants executed to Temple Trust Company their second or interest note for $2,419.67, which represented about 2 per cent. interest on the principal debt, and was payable in certain specified annual installments. The principal notes and the interest note were secured, respectively, by a first and second deed of trust lien on 640 acres of land in Dawson county.

July 25, 1933, appellee, H. C. Glenn, receiver for Temple Trust Company, sued appellants, and others not necessary to mention here, on the second or interest note for a balance of $202.57, due on the $220 installment which matured March 1, 1931, and for the installments of $220 each, maturing on March 1, 1932, and March 1, 1933, which, with interest and attorney's fees, aggregated $1,001.23.

Appellants filed their plea of privilege in statutory form to be sued in Dawson county, their domicile; and subject to the plea of privilege pleaded that the loan contract represented by the aforementioned notes and deeds of trust was usurious from its inception. J. H. Edwards filed a plea in intervention, alleging that he owned certain notes secured by a lien on the 640 acres of land, executed after the Temple Trust Company notes, and adopted appellants' plea of usury as his own.

The trial court heard and overruled the plea of privilege, and on the trial upon the merits, held that the loan contract was not usurious, and accordingly rendered judgment for appellee as prayed; hence this appeal.

In so far as the usury question is concerned, the loan contract is identical with the loan contracts involved in the cases of George M. Boles v. Missouri State Life Ins. Co. (Tex. Civ. App.) 81 S.W.(2d) 141, and O. W. Sumner v. Board of Pensions of the Presbyterian Church of the United States, 81 S.W.(2d) 1119 (decided by this court), and similar in all material respects to Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S. W.(2d) 826, affirmed by the Supreme Court, 80 S.W.(2d) 935, wherein it was held that the loan contract as a whole evidenced an intention of the loan company not to provide for usurious interest.

The only issue presented with regard to the plea of privilege is the legal sufficiency of the controverting affidavit of appellee. It is claimed to be insufficient because sworn to upon information and belief of the affiant. We do not sustain the contention.

The controverting affidavit was made by H. C. Glenn, receiver of Temple Trust Company. He alleged in the first paragraph that the plea of privilege had been filed by appellants Coon and wife, and "that he has good reason to believe and does believe, and so alleges, that the defendant's plea is incorrect * * * on the following grounds." Then follows allegations of specific facts upon which he bases venue, and which show venue in Bell county. That is, the note in suit was payable in Temple, Bell county, Tex. And in his affidavit he "states that the above and foregoing plea is true in substance and in fact." It is true that the controverting plea states that plaintiff "had good reasons to believe and does believe" that the plea of privilege is incorrect; but it then proceeds to allege the specific facts upon which venue is predicated, and concludes with the affidavit, "that the above and foregoing plea is true in substance and in fact." Manifestly the affidavit as to the specific facts of venue is not upon information and belief, and the controverting plea is legally sufficient in all respects. Noah v. Glenn, Receiver, 83 S. W.(2d) 382, this day decided by this court.

Whether J. H. Edwards has properly appealed, because he gave no notice of appeal, although he signed the appeal bond as a principal, is not material. If he had any right to set up usury, it was predi-

cated upon the same grounds as were asserted by appellants Coon and wife, which we have concluded were without merit.

The judgment of the trial court will be affirmed.