**PULLEN et al. v. CARPENTER.**

No. 8034.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Chandler & Chandler, of Stephenville, for appellant E. J. Pullen.

Lockhart & Brown, of Lubbock, for appellant J. H. Moore.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

This is a usury case. Mrs. Carpenter brought the suit as assignee of Temple Trust Company upon promissory notes, payable in Bell county, executed by Sammons and wife (not parties to this suit), and secured by trust deeds upon real estate. Sammons and wife conveyed the property to Pullen, who assumed the debt. Pullen and wife conveyed the property to Gunkey, who assumed the notes. Gunkey and wife conveyed the property to Green, who took it subject to the notes. Green and wife conveyed the property to Moore, who assumed the notes. The suit was against Pullen, Gunkey, Moore, and others (but not Sammons and wife) not involved in the appeal. Pullen pleaded his privilege to be sued in his home county, which plea was overruled. He and Moore filed separate answers, setting up usury in the loan. These pleas were stricken upon demurrer predicated upon the several assumptions which were alleged in the original petition and admitted in the answers. The trial court rendered judgment for Mrs. Carpenter for the unpaid balance of the notes, interest, and attorney's fees. Pullen and Moore have appealed.

The recitation in the several deeds regarding assumption of the notes read:

In the deed from Sammons and wife to Pullen:

"Assumption by said grantee of the sum of $7500.00 payable to the Temple Trust Company secured by deed of trust against the property herein conveyed dated October 10th, 1924, of record in Vol. 21, page 449 Lubbock County deed of trust records to which reference is here made for full description of said assumption.

"Assumption by said grantee of the sum of $600.00 payable to the order of W. A. Strickland at Lubbock, Texas, secured by deed of trust on the property herein conveyed dated October 25th, 1926, and filed for record in County Clerk's office of Lubbock County, Texas, on October 28th, 1926, due and payable."

In the deed from Pullen and wife to Gunkey:

"$11,900.00 paid, the receipt of which is hereby acknowledged, and the assumption by said grantee of the sum of $8100.00 now a lien against the property herein conveyed to-wit:

"$7500.00 payable to the Temple Trust Company secured by deed of trust against the property herein conveyed dated October 10th, 1924, of record in Vol. 21, page 449, Lubbock County deed of trust records, to which reference is here made for full description of said assumption.

"Assumption by said grantee of the sum of $600.00 payable to the order of W. A. Strickland at Lubbock, Texas, secured by deed of trust on the property herein conveyed dated Oct. 25th, 1926, and filed for record in the County Clerk's office of Lubbock County, Texas, on Oct. 28th, 1926, due and payable Oct. 25, 1927."

In deed from Gunkey and wife to Green:

"And the further consideration, that the said grantee herein accept said property subject to a loan of $7000.00 due The Temple Trust Company, and payable as per the terms of a deed of trust of record in the Trust Deed Records of Lubbock County, Texas."

In deed from Green and wife to Moore:

"For and in consideration of the sum of Two Thousand ($2,000.00) Dollars to us paid, cash in hand, the receipt of which is hereby acknowledged, and the assumption by J. H. Moore of $7,000.00 debt to Temple Trust Company, being balance due on $8,000.00 loan to the Temple Trust Company described in and secured by a deed of trust by P. H. Sammons and wife, Maude Sammons to Temple Trust Company, dated October 10, 1924, recorded in Volume 4, page 613, deed of trust records of Lubbock County, Texas, to which reference is here made.

"And also the assumption of a certain vendor's lien note in the principal sum of $2000.00 executed by J. E. Green, payable to H. L. Gunter, dated May 12, 1928, due May 12, 1929, more fully described in deed from Elizabeth Gunkey and husband, G. Gunkey to J. E. Green, recorded in Volume 131, page 27, deed records of Lubbock County, Texas."

Under the holding in Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S. W.(2d) 828, Haney v. Temple Trust Co.

(Tex. Civ. App.) 55 S.W.(2d) 894, and cases therein cited, each of these three assumptions purged the loan of the taint of usury. We also refer to several other cases this day decided by this court, involving the same question. This is independent of the effect of the conveyance to Gunkey, who purchased subject to the debt.

Green pleaded: "Before any assumption was accepted by Temple Trust Company that the said J. E. Green released this defendant from any assumption of said debt made by him in said deed." This plea would be good as to the personal liability of Moore (Waggoner v. Lumber Co., 120 Tex. 605, 40 S.W.(2d) 1) but for the following provision of the trust deed: "It is hereby further specially agreed that in the event Grantors shall sell and convey the hereinbefore described real estate before said indebtedness shall have been fully paid off and discharged, we will require any such grantee to assume, as part of the consideration all indebtedness then due and owing hereunder, and should we convey said property without requiring the purchaser to so assume said indebtedness then our failure to do so shall, at the option of Temple Trust Company, its successors or assigns, mature all sums secured by this mortgage, which may be collected by a sale hereunder, or by suit as hereinbefore provided."

The clear purpose of this provision was to prevent the mortgaged property from passing into the hands of one who had not assumed the debt. It was a contractual obligation and authorized the sale of the property on the condition stated, which amounted to an acceptance in advance by the holder of the notes of the obligation thus assumed for its benefit. The owner of the property, in requiring such assumption, was acting as the duly authorized agent of the owner of the debt. This clause was pleaded by Moore in his answer, as to which he alleged: "And in this connection, this defendant alleges that the purported assumption of said debt by him in the deed from J. E. Green and wife to John H. Moore was not a part of the consideration of the sale and conveyance of said property, but the sole and only consideration for said alleged assumption was to prevent the Temple Trust Company from declaring said notes due and preventing the sale of said property under the terms of said mortgage, and had it not

been for the paragraph above recited in said deed of trust, this defendant would not have assumed said indebtedness, and since the Temple Trust Company by virtue of the recitations in said deed of trust required and exacted an assumption of said indebtedness from this defendant, he became entitled to all the rights and privileges of the original makers of said notes and said deed of trust."

■ There is no merit in the contention that because he assumed the debt under these circumstances he was entitled to plead usury the same as the original makers of the notes.

The order overruling the Pullen plea of privilege is assailed on two grounds:

1. That the controverting plea was insufficient because verified on information and belief.

2. That no probative evidence was offered of the execution of the notes and trust deeds, or of Pullen's assumption of them.

The only difference between the controverting pleas in this case, Noah v. Glenn (Tex. Civ. App.) 83 S.W.(2d) 379, is that here the plea was verified by plaintiff's attorney. The affidavit to the plea is in the same positive and unequivocal language, and we hold it sufficient.

The proof was of the same character as that in the Noah Case, and we hold it sufficient for the same reasons.

There is this additional ground for holding the proof sufficient in this case. In Pullen's answer upon the merits, he alleges: "This defendant says that it is true that he purchased said property from P. H. Sammon and Maude Sammon on or about the 18th day of December, A. D. 1926, and that he assumed a balance of $7500.00 of the original indebtedness herein sued upon," etc.

■ It has been held by this and several other Courts of Civil Appeals that where it clearly appears that the venue is properly laid in the county of suit, change of venue will not be ordered, but the cause will be remanded to the trial court to cure mere defects in pleading or proof. Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848. See, also, Bramlett v. Bank (Tex. Civ. App.) 67 S.W.(2d) 450, for a rather full list of cases on the point.

■ To reverse the trial court's judgment and remand the cause merely to require appellee to prove a fact which appellant has admitted, can, we think, find no justification in a proper administration of justice. Douglas Oil Co. v. State (Tex. Civ. App.) 70 S.W.(2d) 452, at page 458.

■ There is no merit in Pullen's contention that he did not in writing agree to pay the notes in Bell county. His written assumption was to pay the debt which was evidenced by a written obligation expressly payable in Bell county.

The trial court's judgment is affirmed.