**HOWELL et al. v. DIXON.**

No. 8157.

Court of Civil Appeals of Texas. Austin.

Dec. 18, 1935.

Kerr & Gayer, of San Angelo, for appellants.

BLAIR, Justice.

This is an appeal from an order overruling the plea of privilege of appellants to be sued in Upton county, Tex., their domicile. The suit is upon a promissory note, payable at Winters, Runnels county, Tex., in which county the suit was filed. By his controverting affidavit, appellee alleged that the note was payable in Runnels county, and sought to maintain venue there under subdivision 5 of article 1995, which provides that where "a person has contracted in writing to perform an obligation in a particular county, suit may be brought * * * in such county" on the obligation.

On the hearing of the plea of privilege, appellee offered, and the trial court admitted, the note in evidence over the objection that its execution by them had not been proved; and on this evidence alone the court overruled the plea of privilege.

The venue statutes here involved require that where a plea of privilege in statutory form is filed by the defendant in a suit upon a promissory note, it is incumbent on the plaintiff to file a controverting affidavit, alleging the note to be payable in the county where the suit is filed, and to prove the execution of the note by the defendant. Berry v. Pierce Pet. Corp., 120 Tex. 452, 39 S.W.(2d) 824; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S. W.(2d) 845; De Walt v. Universal Film Exchanges, Inc., (Tex.Civ.App.) 78 S.W. (2d) 216.

Appellants also suggest that the plea of privilege should not have been overruled, because the controverting affidavit was not properly sworn to and was a nullity. Appellee signed the controverting affidavit; but the affidavit or notary's fiat reads and was signed, as follows:

"Before me, the undersigned authority, on this day personally appeared J. W. Dixon who on his oath stated that he is plaintiff in the above entitled and numbered cause, and that the allegations and facts set out in the foregoing controverting plea are true and correct.

"Lyle Deffebach.

"Sworn to and subscribed before me this the 27th day of November, 1933.

"Lyle Deffebach
"Notary Public in and for
Runnels County, Texas."

On the whole it clearly appears that appellee intended to and did swear to the facts stated in his controverting affidavit which he signed. The fact that he did not again sign the affidavit or notary's fiat at the place where the notary erroneously signed it does not appear to be material, and does not render the affidavit a nullity, because it clearly appears from the controverting affidavit and notary's fiat that appellee signed and swore that the facts stated in said controverting affidavit were true and correct. It also clearly appears that the erroneous signing of the affidavit or notary's fiat by the

**244**

notary herself was merely a clerical error, and may be corrected as such an error.

 The note in suit was introduced in evidence and showed that it was payable in Runnels county, where the suit was filed, and we have reached the conclusion that the ends of justice will better be subserved by reversing and remanding the cause to the trial court in order to permit appellee, if he can, to prove the execution of the note by appellants, and to correct the clerical error with regard to the signing of the controverting affidavit. The trial court having erroneously admitted the note in evidence without proof of its execution, appellee no doubt would not have been permitted to make proof of its execution. This conclusion is in accord with the recent decisions of several courts of civil appeals, and of this court recently held in the the case of Pullen v. Carpenter, 83 S.W.(2d) 384, 386, wherein the court say: "It has been held by this and several other Courts of Civil Appeals that where it clearly appears that the venue is properly laid in the county of suit, change of venue will not be ordered, but the cause will be remanded to the trial court to cure mere defects in pleading or proof. Brown v. Cox (Tex.Civ.App.) 53 S.W.(2d) 848. See, also, Bramblett v. Bank (Tex.Civ. App.) 67 S.W.(2d) 450, for a rather full list of cases on the point."

Reversed and remanded.