### CITY OF DILLEY v. BLACK.

No. 9849.

Court of Civil Appeals of Texas. San Antonio.

April 29, 1936.

Rehearing Denied June 24, 1936.

1, of Bexar county, against the city of Dilley, a municipality, seeking to recover upon twenty-four alleged interest coupons of the value of $30 each, aggregating the total sum of $720.

Appellant, city of Dilley, filed its plea of privilege to be sued in Frio county, the county of its domicile. Appellee filed her controverting affidavit setting up venue in Bexar county, under subdivision 5, art. 1995, R.S.1925, in that the interest-bearing coupons are payable at the Alamo National Bank, San Antonio, Tex.

A hearing was had upon the issue thus drawn, and appellee tendered in evidence the twenty-four alleged interest-bearing coupons, to which appellant made the following objection: "The defendant objects to each' and every one of these coupons for the reason that there has been no proof of execution and no proof of delivery of the bonds, to which the coupons were attached or made a part of, because there has been no proof of the execution and delivery of the coupons themselves, and, further, because there is no evidence that the bonds were issued intra vires in the beginning on the part of the City of Dilley, there is no evidence to show that they were issued by any authority on the part of the officers of the City of Dilley, or that they were acting within the scope of their authority, if in fact they did issue, execute and deliver the bonds, or coupons, which coupons are being offered in evidence, as the coupons referred to in the pleadings," which objection was by the court overruled and the coupons introduced in evidence. No further evidence was introduced.

It is clear that the burden rested upon appellee to establish by proof that she had a cause of action against appellant based upon a written contract, the obligation of which was to be performed in Bexar county. This burden must be discharged by a preponderance of the evidence, amounting at least to a showing of a prima facie cause of action performable in Bexar county. Compton v. Elliott (Tex. Com.App.) 88 S.W.(2d) 91; Stone Fort Nat. Bank, etc., v. Forbess (Tex.Sup.) 91 S.W.(2d) 674; Curlee Clothing Co. v. Wickliffe (Tex.Sup.) 91 S.W.(2d) 677; Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.(2d) 845, 849.

The plea of privilege in due form and properly sworn to was equivalent to a

Birkhead, Beckman, Stanard & Vance and Gus B. Mauermann, all'of San Antonio, for appellant.

Maxwell Burket, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Mrs. Mattie Black, instituted this suit in the county court at law No.

sworn plea of non est factum of the coupons. Johnson v. Dallas Cooperage & Woodenware Co., supra.

■ We are of the opinion that the alleged coupons were not admissible in evidence over the objection made without extraneous evidence showing their proper execution or that they had been clipped from bonds duly certified to by the Attorney General and registered by the comptroller as required and authorized by articles 709, 710, 711, 712, 715, Rev.St.1925 and article 716, as amended by Acts 1929, 3d Called Sess., c. 6, § 1 (Vernon's Ann.Civ.St. art. 716). Johnson v. Dallas Cooperage & Woodenware Co., supra.·

■ We further conclude that the instruments offered in evidence, unsupported as they are by any extraneous evidence, were insufficient to overcome the prima facie right to a change of venue established by appellant's statutory plea of privilege. The trial court therefore erred in not sustaining appellant's plea of privilege.

This conclusion is fully supported by the following quotation from Johnson v. Dallas Cooperage & Woodenware Co., supra: "With the record in the condition shown by the certificate, it is our opinion that the trial court erred in failing to sustain the plea of privilege, for the reason that, unsupported by extraneous evidence, the instruments offered in evidence by the original plaintiff did not have the legal effect to discharge the burden of proof resting upon it to overturn the prima facie case made by the plea of privilege."

Accordingly, the judgment of the trial court will be reversed and judgment here rendered granting appellant's plea of privilege and a change of venue ordered to Frio county. The clerk of the county court at law No. 1 of Bexar county is hereby instructed to complete the necessary papers and send the record pertaining to the case to the county clerk of Frio county for filing in the county court of Frio county.

Reversed and rendered, with instructions.

### On Motion for Rehearing.

■ We have concluded that the ends of justice will be better served by a remanding of this cause, rather than by a rendition. Howell v. Dixon (Tex.Civ.App.) 89 S.W.(2d) 243; Pullen v. Carpenter (Tex. Civ.App.) 83 S.W.(2d) 384; Bramblett v.

Roby State Bank (Tex.Civ.App.) 67 S.W. (2d) 450.

Appellee's motion for a rehearing will be granted to this extent, and accordingly our judgment heretofore entered will be set aside, in so far as it renders this cause, and the cause will be remanded to the trial court.