## LANFORD et al. v. LOVETT et al.

### No. 10007.

Court of Civil Appeals of Texas. San Antonio.

Oct. 28, 1936.

Rehearing Denied Nov. 18, 1936.

Jesse G. Foster, of Raymondville, for appellants.

Strickland, Ewers & Wilkins and R. D. Cox, Jr., all of Mission, for appellees.

SMITH, Chief Justice.

In this suit, instituted in Hidalgo county, the trial court overruled appellants' plea of privilege to be sued in Willacy county, upon the ground that the cause of action was founded upon a promissory note payable in the county of the forum.

The plea of privilege, as well as appellants' controverting affidavit, was in due form.

Upon the hearing of the matter of privilege, appellees introduced the note sued on, and, without proving the due execution of the obligation, rested their case on that evidence alone, and in that state of the case the court overruled the plea of privilege. Appellants appealed.

The rule has been established in this state that in order to sustain venue in a suit upon a promissory note in the county of the forum, upon the ground that the defendant had bound himself in writing to pay the obligation in that county, the burden is upon the plaintiff to not only put in evidence the note sued on, but he must go further and make affirmative proof of the due execution of the obligation. In the absence of such proof, the defendant is entitled to claim his privilege. Berry v. Pierce Petroleum Co. 120 Tex. 452, 39 S.W.(2d) 824; City of Dilley v. Black (Tex.Civ.App.) 95 S.W.(2d) 732. In this case appellees, upon whom that burden rested, failed to prove execution of the note sued on and put in evidence, and therefore the court erred in overruling appellants' plea of privilege.

■ Confessing error, appellees have moved that at this time this court reverse the judgment and remand the cause for a new trial of the matter of privilege. On the other hand, appellants have also moved for reversal, but pray for rendition of judgment transferring the cause to Willacy county. Since appellees confess the error, and both parties have moved for reversal, we have concluded to grant that relief and proceed to a disposition of the appeal at this time.

To that end we have concluded that in the circumstances justice will be better served by remanding the cause, in order to enable appellees, if they can, to take the one simple additional step essential to sustain venue. This action is suggested, if not made obligatory, by ample authority. City of Dilley v. Black, (Tex.Civ.App.) 95 S.W.(2d) 732, and authorities there cited.

The judgment is reversed and the cause remanded.