## JONES FINE BREAD CO. v. SMITH.
### No. 2176.

Court of Civil Appeals of Texas. Waco.
Jan. 4, 1940.

Rehearing Denied Feb. 8, 1940.

Hull & Oliver, of San Antonio, and Tom P. Scott and W. E. Cureton, both of Waco, for appellant.

Muckleroy McDonnold, of San Antonio, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted in the county court of Bexar county by appellee, T. D. Smith, Jr., against appellant, Jones Fine Bread Company, to recover on a written contract. By the terms thereof, appellant agreed to pay the sum sued for to Comac, Inc., which assigned said contract to appellee. Appellant filed its plea of privilege, in which it alleged nonresidence in Bexar county, claimed residence in McLennan county and denied that any exception to exclusive venue in the latter county existed. Appellee filed controverting affidavit, in which he claimed venue in Bexar county on the ground that appellant had contracted in writing to pay the sum sued for in said county. No other ground for venue in said county was asserted. Appellee, on the hearing, introduced a witness who testified that he saw the contract sued on signed by George O. Jones as president of the Jones Fine Bread Company, and said contract was thereupon admitted in evidence. There was nothing in the plea of privilege, the controverting affidavit nor in the testimony to show that Jones Fine Bread Company was a corporation, that

George O. Jones was its president nor that he had authority to sign said contract imposing pecuniary liability upon said company. The court overruled appellant's plea of privilege.

■ Appellant contends by appropriate propositions that since appellee claimed venue in Bexar county on the ground that his suit was upon a contract payable therein, it devolved upon him to prove by extrinsic evidence the execution of the instrument sued on and that the person executing the same had authority to do so. A sworn plea of privilege by the defendant in a case, without further pleading or proof, operates as a sworn denial of the execution by the party urging such plea, or by his or its authority, of a written instrument relied upon to bring the case under the exception defined in subdivision 5 of Article 1995 of our Revised Statutes, and casts upon the plaintiff the burden of alleging under oath the execution of such instrument and of proving by extrinsic evidence the execution thereof by the defendant, or by his or its authority. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.2d 824; Freeborn v. Davis, Tex.Civ.App., 122 S.W.2d 645, pars. 3 to 5, inclusive; Pavlidis v. Bishop & Babcock Sales Co., Tex.Civ.App., 41 S.W.2d 294, par. 1; City of Dilly v. Black, Tex.Civ.App., 95 S.W.2d 732; Ketner v. J. M. Radford Grocery Co., Tex.Civ.App., 299 S.W. 680; Stockyards Nat. Bank of Fort Worth v. Alexander, Tex.Civ.App. 113 S.W.2d 288. Since the testimony was insufficient to show venue in Bexar county, the court erred in overruling appellant's plea of privilege, which error requires reversal.

■ It is the general rule in civil cases that when the Court of Civil Appeals reverses a judgment of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed, and when such situation does not affirmatively appear, the case will be remanded for another hearing. Appeals from interlocutory orders on pleas of privilege are governed by the same rule. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, 594, pars. 3 and 4, and authorities there cited. Appellant's plea of privilege is therefore remanded to the trial court for another hearing.