## HUGHES et al. v. GUNTER.

### No. 358f.

Court of Civil Appeals of Texas. Beaumont.

Jan. 5, 1940.

Rehearing Denied Jan. 17, 1940.

Orgain, Carroll & Bell and John G. Tucker, all of Beaumont, and Turner, Rodgers, Winn & Sellers. M. B. Solomon, and Will R. Wilson, Jr., all of Dallas, for appellants.

Chas. S. Pipkin, of Beaumont, and Gunter & Watson, of Port Arthur, for appellee.

WALKER, Chief Justice.

This was an action by A. A. Gunter, appellee, against J. E. Hughes and the Peaslee-Gaulbert Corporation, appellants, for damages for libel, before us on appeal from the judgment of the lower court overruling appellants' pleas of privilege to be sued in Dallas county. No point is made against the sufficiency of appellee's petition and his controverting affidavit.

On trial in the lower court, appellee offered proof only (a) on the nature of his cause of action, and (b) on the county of his residence when his alleged cause of action arose, and when he filed his original petition. He offered no proof (c) in support of his alleged cause of action for libel. On authority of A. H. Belo Corporation v. Blanton, Tex.Sup., 129 S.W. 2d 619, and Blanton v. Garrett, Tex.Sup., 129 S.W.2d 623, he concedes error, and prays that the judgment of the lower court be reversed and that the cause be remanded for a new trial. Appellants pray that on remand the cause be transferred to Dallas county. Their proposition is that since appellee had an opportunity to introduce his proof and failed to avail himself of that right, and by his objections prevented appellants from introducing proof on the material allegations of his petition, he lost his right to try the case in Jefferson county. The case was tried on the theory, accepted as the law by the trial court, that appellee sustained his venue by the proof offered. We are satisfied that appellee tried his case in good faith and failed to introduce the necessary proof only through a misunderstanding of the law, and that for the same reason he objected to the evidence appellants proposed to offer. It is provided by Art. 1856, R.C.S.1925, that on reversal the cause of action shall be remanded "when it is necessary that some matter of fact be ascertained." Under this article the cause should be remanded to the lower court for further proceedings; it should not be transferred to Dallas county under this order of remand.

Reversed and remanded.