### PATTERSON v. DUNIGAN TOOL & SUPPLY CO.

#### No. 2041.

Court of Civil Appeals of Texas. Eastland.
Sept. 27, 1940.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellant.

Harrell & Bowers, of Breckenridge, for appellee.

LESLIE, Chief Justice.

Dunigan Tool & Supply Co., a private corporation with its office and place of business in Breckenridge, Stephens County, Texas, sued J. D. Patterson, whose residence is in Tyler, Smith County, alleging that the company, at the special instance and request of Patterson, sold and delivered to him in the regular course of business merchandise of the reasonable value of $751.76. Patterson filed his plea of privilege, in statutory form, to be sued in Smith County.

The plaintiff filed its controverting affidavit and alleged that at the time Patterson purchased the merchandise he expressly contracted in writing to pay for it at the office of the company in Breckenridge, Stephens County, and by reason thereof venue of the suit was fixed in that county under subdivision 5, Art. 1995, R.S. 1925, Vernon's Ann.Civ.St. art. 1995, subd. 5.

The alleged contract in writing relied upon by the plaintiff to sustain the venue in Stephens County was the original sales tickets (for the merchandise) spoken of in the pleadings sometimes as "invoices" and sometimes as "sales sheets." These tickets carried the notation "charged to J. D. Patterson" and each of them was signed "Received by: W. L. Hughes." The tickets thus authenticated contained, among other things, the stipulation "All bills payable at home office in Breckenridge, Texas." There were several other provisions in the tickets but the above are the only ones material to the questions before us.

The main contention arises from the fact that said "sales tickets" were not signed by Patterson but by Hughes in the manner indicated. Hence a question of agency arises, namely: Was Hughes acting for himself, or was he the duly authorized agent and acting for said Patterson? If he was the agent of Patterson, the burden was upon the plaintiff to plead and prove either the actual authority of Hughes to act for the defendant in said transaction and make such contract for him, or plead and prove such facts as would estop the principal (Patterson) to deny the existence of such authority. Tarver Steel & Co. v. Pendleton Gin Co., Tex.Civ.App., 25 S.W.2d 156. The appellant's chief attack is leveled at the deficiency in plaintiff's pleading to warrant the admission of testimony to establish either of the above material facts of agency. The plaintiff in its brief admits that the pleadings in this case are not sufficient to allege a contract by Patterson performable in Stephens County. This admission is predicated upon the fact that although the sales ticket constitutes a written contract performable in Stephens County, nevertheless the contract was not signed by Patterson, but by said Hughes. In this connection, it will be noticed that the court admitted much testimony over the objection of appellant to the effect that Hughes as agent made such contract in his own name for Patterson. In this state of the record, and upon the theory suggested by the record that such testimony can even be materially strengthened upon another trial, the plaintiff in connection with the above admission presents a counter proposition in which it contends that since it clearly appears from the evidence that the venue of the suit is properly laid in Stephens County a change of venue should not be ordered on account of defects in the pleadings or proof, but that the cause should be remanded to the trial court to afford the plaintiff an op-

portunity to cure such defects in the pleadings or proof. About this point revolves the contentions of the respective litigants.

■ It has been held by many Courts of Civil Appeals, and we think settled by the Supreme Court, that where it appears that the venue is properly laid in the county of suit, change of venue will not be ordered under such circumstances as those before us, but the cause will be remanded to the trial court that mere defects in pleading or proof may be cured. Lanford v. Smith, Chief Justice, 128 Tex. 373, 99 S.W.2d 593; Ætna Life Ins. Co. v. Gallagher, 127 Tex. 553, 94 S.W.2d 410; Brown v. Cox, Tex.Civ.App., 53 S.W.2d 848; Bramblett v. Roby State Bank, Tex.Civ.App., 67 S.W.2d 450; Pullen v. Carpenter, Tex. Civ.App., 83 S.W.2d 384; Hughes v. Gunter, Tex.Civ.App., 136 S.W.2d 253; Jones Fine Bread Co. v. Smith, Tex.Civ.App., 136 S.W.2d 234; Sparks v. West, Tex.Civ. App., 41 S.W.2d 301; City of Dilley v. Black, Tex.Civ.App., 95 S.W.2d 732; Caprito v. Weaver, Tex.Civ.App., 63 S.W.2d 1043.

From the case of Brown v. Cox, supra [53 S.W.2d 850], we take the following:

"We think the controverting plea failed to allege sufficient facts to show a binding contract between the parties performable in McCulloch county. While it was not necessary to prove, on the trial of venue question, such breach of contract as would entitle appellee to recover damages, it was necessary to sufficiently allege a binding contract performable in that county in order to overcome appellant's plea of privilege [citing cases].

"But this error does not require that upon reversal the case be transferred to Travis county. Where the ends of justice will be best served by a remand, that is the proper course, even though amendment of the pleadings upon another trial may be necessary."

On the question of lack of or sufficiency of evidence in such cases, but with material bearing upon deficiency in pleading, and the proper judgment to be entered by this court, we quote from the opinion of our Supreme Court in Lanford v. Smith, supra [128 Tex. 373, 99 S.W.2d 594], "It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgments of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition. This rule is too well established to require the citation of authorities. It is now also the settled law of this state that appeals regarding interlocutory orders sustaining or overruling pleas of privilege are governed by the same rules that govern appeals in civil cases generally. If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from."

■ In the defendant's brief he states "If the plaintiff had alleged that the contracts were made for the benefit of Patterson, but made in the name of Hughes, and the evidence was competent to support it, the contracts would be binding on Patterson. Cases so holding are Diacomis v. Wright, Tex.Com.App., 34 S.W.2d 806; Garcia v. Yzaguirre, Tex.Com.App., 213 S.W. 236; Texas Land & Cattle Co. v. Carroll & Iler, 63 Tex. 48; Traynham v. Jackson, 15 Tex. 170, 65 Am.Dec. 152. We admit that if the invoices had been signed by Patterson, reciting as they do that they are payable in Breckenridge, Texas, or even by his duly authorized agent, the invoices would constitute 'contracts in writing' within the meaning of the venue statute. Cases so holding are Berry v. Pierce Pet. Corp., 120 Tex. 452, 39 S.W.2d 824; Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115; Brison v. Continental Oil Co., Tex.Civ.App., 48 S.W.2d 442 * * *."

Evidently this statement or admission by the defendant is a sound proposition supported by authorities cited.

In the present state of the record undoubtedly the ends of justice will be better subserved by a remand of the cause. The record suggests that the evidence has not been fully developed upon the element of agency and authority. Doubtless the pleadings will be recast and made sufficient for a full and fair development of the true venue facts.

In Key v. Mineral Wells Inv. Co., 96 S.W.2d 804, this court reversed and ren-

dered the judgment. In that case the record presented a state of facts very similar to those here involved and of substantially the same legal effect. The question of the proper disposition to make of such a case has again been considered and the court is now of the opinion that the authorities above cited, especially those by the Supreme Court, are controlling and require the disposition herein made of this appeal.

The judgment of the trial court is reversed and the cause remanded.