### RICHARD et al. v. WOODS.

No. 2852.

Court of Civil Appeals of Texas. Eastland.

April 13, 1951.

Rehearing Denied May 4, 1951.

Dell & Perry Barber, Colorado City, for appellants.

Nunn & Griggs, Sweetwater, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Dick Woods, filed suit in Nolan County, Texas, against appellants, V. L. Richard and R. L. Richard, on two notes alleged to have been executed by them and to be payable in Nolan County. Appellee also sought foreclosure of a chattel mortgage upon a tractor and certain other farming equipment. Appellants filed a plea of privilege to be sued in Mitchell County, the place of their residence. Upon a hearing before the court without a jury the plea was overruled and from such ruling this appeal is brought.

Appellee claimed venue in Nolan County under Section 5, Article 1995 of Vernon's Annotated Civil Statutes of Texas, which provides: "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellants' first point complains that the court erred in overruling the plea of privilege because the pleadings of appellee do not show a cause of action against appellants or either of them. The facts relied upon in support of this contention are that although the notes are shown to be payable to Hughston-Curry Company appellee's pleadings "do not show whether Hughston-Curry Company is a partnership, corporation, or either of them," and that although the endorsements on the notes show, as alleged in appellee's pleadings, to be signed "Hughston-Curry Company" with the name of H. H. Hughston signed immediately thereunder, there is no allegation concerning what position, if any, H. H. Hughston held in said company nor what his authority was to transact business for the company or partnership.

Appellee's petition as plaintiff alleged the execution of the notes by appellants and set out the notes in full. The provisions of the notes so incorporated in the petition show them to be payable to Hughston-Curry Company at Sweetwater, Nolan County, Texas. The petition also alleged that said Hughston-Curry Company for a valuable consideration, before maturity, and in due course of trade, "endorsed and delivered said notes and chattel mortgages to plaintiff who is the legal holder and owner of said notes and chattel mortgages." The petition then purported to set out the al-

leged endorsement which showed to be signed as follows:

"Hughston-Curry Company
H. H. Hughston."

The allegations of such petition were incorporated into and made a part of appellee's controverting affidavit.

■ The essence of appellants' contention under this point is that appellee's pleadings failed to allege the ownership of the notes sued upon. We cannot agree with this contention. The allegation that such notes and chattel mortgages were endorsed and delivered to plaintiff who is now the legal holder and owner thereof, sufficiently pleaded his ownership of the notes and his right to bring suit against appellants.

■ We cannot agree with appellants' further contention that the court erred in allowing appellee to prove that Hughston-Curry Company was a partnership and that Hughston was one of the partners at the time of the assignment of said notes. This evidence was admissible to show Hughston's interest in the notes and his right to assign and dispose of them.

In appellants' second point it is contended that the court erred in overruling the plea of privilege because appellee failed to properly prove the execution of the notes.

■ In order to sustain venue of a suit upon a note in the county where the note is payable under Subdivision 5 of the venue statute, the plaintiff has the burden of proving the execution of such note. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; 43 Tex.Jur., page 866; Lopez et ux. v. Cantu, Tex.Civ.App., 130 S.W.2d 345; Lanford v. Lovett, Tex.Civ.App., 97 S.W.2d 982 and cases cited.

One of the notes sued upon is in the sum of $1,170.77 and purports to be signed by R. L. Richard. The other note is in the sum of $526.92 and purports to bear the signatures of V. L. Richard and R. L. Richard. Both of these notes were introduced in evidence. H. H. Hughston testified that the note for $526.92 was signed by V. L. Richard in his (Hughston's) office and that he saw V. L. Richard sign the note. He said that he did not see R. L. Richard sign either of the notes and no other witness positively testified to this fact. Hughston did state, however, that prior to the purchase of the tractor and other farming equipment, that he and R. L. Richard agreed upon the price to be paid therefor and that he later received the notes and mortgages introduced in evidence in payment thereof. Plaintiff Dick Woods testified that after he had purchased the notes he notified both V. L. Richard and R. L. Richard that he was the owner of the notes; that thereafter R. L. Richard came to see him at his office and acknowledged that he owed the money; that R. L. Richard said "he didn't have any money right then to take care of it."

■ We are of the opinion that the evidence as above summarized is sufficient to support the implied finding of the court that the notes were executed as alleged and purported on their face, one of the notes by R. L. Richard alone and the other by both V. L. and R. L. Richard. Apellants' second point is overruled. Bell v. Texas Military College, Tex.Civ.App., 91 S.W.2d 868.

The judgment of the trial court is affirmed.