## LEWIS & KNIGHT v. FLORENCE.
### (No. 2186.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 27, 1919.)

APPEAL AND ERROR ☞1175(1)—APPELLATE COURT WILL RENDER JUDGMENT DIRECTING CHANGE OF VENUE WHICH COURT SHOULD HAVE RENDERED.

Where it is clear that judgment should have been rendered sustaining plea of privilege under Rev. St. 1911, art. 1903, as amended April 2, 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), to be sued in another county, the appellate court on reversing the trial court's order will not remand, but will render judgment sustaining the plea and directing transfer of the cause to the proper county as provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 1833.

Appeal from Upshur County Court; D. Walker, Judge.

Action by M. C. Florence against A. S. Lewis and another, as partners under the firm name of Lewis & Knight. From an order overruling defendants' plea of privilege to be sued in another county, they appeal. Reversed, and judgment rendered sustaining plea.

Stephens & Sanders, of Gilmer, for appellants.

Briggs & Florence, of Gilmer, for appellee.

WILLSON, C. J. A. S. Lewis and J. J. Knight, as partners under the firm name of Lewis & Knight, were in business as grain merchants in Dallas county. Florence was a general merchant in Upshur county. Lewis & Knight sold Florence a car of corn, shipping same to him from Parmer county to Upshur county. Claiming that he was induced to buy the corn by representations Lewis & Knight made to him that it was good, sound corn, and alleging that the corn, instead, was unsound, Florence sued Lewis & Knight in the county court of Upshur county for $215.18, the amount, he alleged, of the damages he had suffered. Knight by a plea conforming to the requirements of the statute (Rev. St. 1911, art. 1903) as amended April 2, 1917 (General Laws, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), and duly filed, set up

a privilege he claimed to be sued in Dallas county where he resided. The court, without any evidence whatever before him controverting the truth of the matters alleged in the plea, overruled it. This appeal is from the order overruling the plea. As by the terms of the statute referred to the plea was "prima facie proof of the defendant's right to change of venue," the action of the court was plainly erroneous. Florence concedes that it was and that the judgment should be reversed, but combats the contention of Lewis & Knight that this court, after reversing the judgment, should here render judgment sustaining the plea of privilege and ordering the venue of the suit to be changed to Dallas county. But we see no reason why this court should not pursue the course suggested by Lewis & Knight. On the contrary, it is, we think, our plain duty, reversing the judgment, to here render the judgment the court below should have rendered on the case as it was presented to him. Vernon's Statutes, art. 1833; Harris Millinery Co. v. Bryan, 59 Tex. Civ. App. 477, 125 S. W. 999; Luter v. Ihnken, 143 S. W. 675; Garrison v. Stokes, 151 S. W. 898; Ragland v. Ins. Co., 157 S. W. 1187. Therefore the judgment will be reversed, and judgment will be here rendered sustaining the plea of privilege and directing the clerk of the Upshur county court to make up a transcript of all the orders made in the cause, certify thereto under the seal of said court, and then transmit same, with the original papers in the cause, to the clerk of the county court of Dallas county at law.

---

⚬⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes