AETNA LIFE INSURANCE COMPANY V. HONORABLE J. N. GALLAGHER, CHIEF JUSTICE, ET AL.

No. 6651.   Decided May 27, 1936.
Rehearing overruled June 24, 1936.
(94 S. W., 2d Series, 410.)

*Fulbright, Crooker & Freeman* and *C. A. Leddy,* all of Houston, for relator.

Since the appeal in this case was from a ruling on a plea

of privilege rather than a judgment entered on the merits of the case, the correct disposition of this appeal reversing the trial court for overruling the plea of privilege, is to order the case transferred in accordance with appellant's first amended plea of privilege. Rathburn v. Royal, 281 S. W., 851; Austin v. Bearden, 18 S. W. (2d) 856; Curlee Clothing Co. v. Hall, 122 Texas, 456, 60 S. W. (2d) 202.

*Brownlee & Brownlee,* of Madisonville, for respondent McIver.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is an original application filed in the Supreme Court by Aetna Life Insurance Company, relator, against the Honorable Court of Civil Appeals for the 10th Supreme Judicial District of Texas, at Waco, composed of Honorable J. N. Gallagher, Chief Justice, Honorable James P. Alexander and Honorable J. A. Stanford, Associate Justices, and J. M. McIver, the adverse party in the litigation, to compel the Court of Civil Appeals to certify to the Supreme Court the following question:

"Since appellee did not offer sufficient evidence upon the hearing of appellant's plea of privilege to overcome the prima facie case made by the filing of said plea, was the appellant, Aetna Life Insurance Company, entitled to have judgment rendered in its favor by the Court of Civil Appeals ordering said cause to be transferred to the county of appellant's residence?"

The opinion of the Court of Civil Appeals is reported in 65 S. W. (2d) 817 (Aetna Life Ins. Co. v. McIver). McIver filed a suit against relator in the County Court of Madison County upon an alleged contract of insurance. Relator filed its plea of privilege in statutory form to have the case transferred to Harris County, the county of its residence. A controverting plea was timely filed and a hearing had thereon. After hearing the evidence the county court overruled the plea of privilege and the relator appealed to the Court of Civil Appeals at Waco. An assignment challenging the sufficiency of the evidence upon the hearing of the plea of privilege to overcome the prima facie case made by the filing of the plea was sustained by the Court of Civil Appeals. The judgment of the trial court was therefore reversed, but, instead of rendering judgment transferring the venue, or remanding the cause with instructions to the trial court to do so, the Court of Civil Appeals remanded the cause for further hearing on the privilege

question. Relator in due time filed its motion for rehearing and, in the alternative, to certify the question above copied. As grounds for its motion to certify relator alleged a conflict between the decision of the Honorable Court of Civil Appeals herein and the decisions of other courts of civil appeals in the cases of Lewis & Knight v. Florence, 217 S. W., 1116, and Yantis v. Gilliam, 62 S. W. (2d) 173, wherein it appears to have been held, under records similar to this one, that it was the plain duty of the appellate court to render rather than remand.

The motion for rehearing and, in the alternative, to certify having been overruled, relator filed in this Court its motion for leave to file a petition for mandamus. That motion was granted on account of the conflicts alleged, and the application is now before us for decision on its merits.

■ It appears probable that the conflict necessary to give jurisdiction to this Court exists between the decision of the Honorable Court of Civil Appeals in this case and the decisions in the other cases above cited. But, since the petition for mandamus was filed, this Court has, in principle, settled the question involved in the conflict. In the case of Compton v. Elliott, 126 Texas, 232, 88 S. W. (2d) 91, this Court held that Article 2008, which authorizes an appeal from a judgment sustaining or overruling a plea of privilege, "* * * contains nothing to indicate that the review by the appellate court shall be in any respect different from its review of any other case * * *." The effect of that decision, as applied to the question now under review, is that a case appealed from an order sustaining or overruling a plea of privilege is simply another case in the appellate court, governed by the same statutes and rules that apply to any other pending case.

Article 1856 of the Revised Statutes provides that, when the judgment of the trial court shall be reversed, the cause shall be remanded for a new trial, if it is necessary that some matter of fact be ascertained. In the instant case the Court of Civil Appeals must have concluded that it was necessary that some matter of fact be ascertained and remanded the cause for that purpose. In an ordinary case, wherein a final judgment had been rendered in the trial court, it would not be questioned that the Court of Civil Appeals had the right to remand the cause rather than render judgment under these circumstances, and we held, in principle at least, in Compton v. Elliott, supra, that it has the same right when the appeal

is from an interlocutory order sustaining or overruling a plea of privilege.

■ The question, thus narrowed down, is whether this Court should issue a writ of mandamus to compel certification of a question which has heretofore been decided by it when the decision of the Court of Civil Appeals is in harmony with this Court's prior decision. Many cases hold that the Court of Civil Appeals is not required to certify to the Supreme Court a question when its decision follows that of the Supreme Court, even thought a conflict exists between its decision and those of other courts of civil appeals. The most recent decision of that question which we have discovered is by the Eastland Court in City of Corpus Christi v. McMurray, 92 S. W. (2d) 1108. Even though it be conceded that, because of the conflict then existing, the Court of Civil Appeals owed the duty to grant the motion to certify at the time it was presented, still we would not require certification where a subsequent decision of the Supreme Court sustains the decision of the Court of Civil Appeals. Stated differently, the Supreme Court will not require the certification of a question which it has already decided, unless the decision of the Court of Civil Appeals on that question is contrary to the Supreme Court's decision thereon.

The application for mandamus will be denied.

Opinion adopted by the Supreme Court May 27, 1936.

Rehearing overruled June 24, 1936.