### JONES v. FERGUSON.

No. 10073.

Court of Civil Appeals of Texas.
San Antonio.

June 9, 1937.

Rehearing Denied July 7, 1937.

Kelley, Looney & Norvell, of Edinburg, for appellant.

Strickland, Ewers & Wilkens and R. D. Cox, Jr., all of Mission, for appellee.

MURRAY, Justice.

This is an appeal from an order of the Ninety-Third district court of Hidalgo county overruling the plea of privilege of W. W. Jones, a resident of Nueces county.

Willard Ferguson instituted suit in Hidalgo county against W. W. Jones seeking to recover from Jones for a fraud alleged to have been committed by Jones in Hidalgo county. Ferguson alleged that he had become the owner of a certain note in the principal sum of $1,200, executed by one Logan Duncan, which he believed to to be an unconditional and valid note; that he had instituted suit against Duncan on this note and had failed to recover, Duncan interposing the defense that the note had been delivered to W. W. Jones upon the condition that it was not to be effective unless and until O. E. Cannon was installed as an active officer of the First National Bank of Mission.

Jones filed his plea of privilege to be sued in Nueces county, the county of his residence. At the hearing on the plea of privilege Jones positively denied that the delivery of the note by Duncan to him was based upon any such condition as alleged by Ferguson.

Logan Duncan, who also testified at the hearing of the plea of privilege, gave the following evidence:

"Q. Now, Mr. Duncan, was this note given—to whom did you deliver this note? A. To Mr. Jones.

"Q. Was this note given on any conditions, were there any conditions attached to the giving of the note to Mr. Jones? A. Yes, sir; I was discussing the matter with Mr. Jones, and I told him I would take the stock, providing he put Mr. Cannon back in the bank.

"Q. Did he agree to that condition? A. Yes.

"Q. Mr. Cannon was not put back in the Bank? A. No, sir. * * *

508

"Q. State whether or not that is the defense that you set up in the suit which was brought by Russell Savage, trustee, and Willard Ferguson, as assignee of the trustee? A. Yes, sir."

The above testimony of Logan Duncan is all of the testimony tending to show that Jones perpetrated a fraud upon Ferguson in Hidalgo county. The trial judge filed his findings of fact and conclusions of law, which findings are as follows:

"I find from the evidence that after the First National Bank of Mission, Texas, closed its doors in the fall of 1931, certain of its officers, stockholders and interested parties began efforts and negotiations to raise money in the approximate sum of Sixty Thousand ($60,000.00) Dollars to meet the requirements of the Comptroller of Currency in order to reopen said bank; that the defendant W. W. Jones, president of said bank agreed with certain of its officers, stockholders and interested persons, including the plaintiff, Willard Ferguson, that he would make the necessary arrangements for furnishing the additional money needed to reopen said bank upon the other interested parties properly securing him in the monies advanced or caused to be advanced by him; that said interested parties thereupon undertook the sale of additional stock in said bank, and among the stock so sold were ten shares sold to Logan Duncan of Mission, Texas, who gave his promissory note in payment in the sum of Twelve Hundred ($1200.00) Dollars. Pursuant to said arrangements and agreements between the defendant W. W. Jones and the plaintiff Willard Ferguson and others, it was agreed and arranged that certain of said parties would execute their larger promissory notes properly secured, to the defendant W. W. Jones, or his designated agent or representative, said notes so executed to be secured by certain collateral, and that pursuant to said arrangements, plaintiff Willard Ferguson, at the instance of W. W. Jones, executed his promissory note in the sum of Ninety-six Hundred ($9600.00) Dollars, payable to the order of Kathleen Jones Hocker, the daughter and agent of W. W. Jones; that at the time of the execution and delivery of said note of Ninety-six Hundred ($9600.00) Dollars by the said Willard Ferguson, pursuant to said agreement for refinancing said bank, he, the said Willard Ferguson selected certain notes of stockholders recently purchasing stock and issuing their notes therefor, out of the assets of said bank, said notes so selected to be held as collateral by the said Willard Ferguson and to secure him as against his note of Ninety-six Hundred ($9600.00) Dollars executed and delivered to the said W. W. Jones or to his order; that at the time of the selection of said smaller notes by the said Willard Ferguson, there was included among the notes which the said Ferguson desired to take out of the assets of said bank as against his Ninety-six Hundred ($9600.00) Dollar note a Twelve Hundred ($1200.00) Dollar note of Logan Duncan which had theretofore been given by the said Duncan for the purchase of ten shares of stock in said First National Bank, and that said note had written in it or upon it some conditions or provisions qualifying the payment thereof which were objectionable to the said Willard Ferguson, and upon the said Ferguson making known his objections to said Logan Duncan's Twelve Hundred ($1200.00) Dollar, note, the defendant, W. W. Jones agreed and undertook to procure from the said Logan Duncan another Twelve Hundred ($1200.00) Dollar note unqualified and without condition limiting its payment, and that thereupon the said W. W. Jones did procure from Logan Duncan another note in the principal sum of Twelve Hundred ($1200.00) Dollars, dated November 7, 1931, and due and payable on or before one year after its date, and that at the time of the taking of said note from the said Logan Duncan, W. W. Jones was advised by the said Duncan and agreed with him, that he, the said Logan Duncan was subscribing for said stock and giving his note in payment therefor and would not be called upon or expected to pay said note and would not be liable thereon until one, Mr. O. E. Cannon, a former officer of said bank prior to its closing, was again placed in said bank as an active officer in the conduct and management of its affairs, and thereupon, upon securing said note under such conditions and terms, W. W. Jones redelivered same to and same was received by the said Willard Ferguson, without the said Ferguson being advised or in anywise acquainted with the terms, limitations or conditions upon which W. W. Jones had obtained and procured said note from

Logan Duncan, and Willard Ferguson thereupon accepted said note believing it to be, according to its tenor, reading and effect, an unconditional and unqualified obligation of the said Logan Duncan to pay same, according to the tenor of said note.

"That subsequently Willard Ferguson paid off and discharged in full his Ninety-six Hundred ($9600.00) Dollar note as aforesaid and same duly cancelled, together with all collateral securing same, including the Twelve Hundred ($1200.00) Dollar Logan Duncan note last above described, was redelivered to the said Willard Ferguson who thereupon undertook to collect said Logan Duncan note, but was unable to do so, and upon suit being filed thereon Duncan asserted as defense to said note the terms and conditions above set out concerning its execution and delivery and prevailed in said defense, since the terms and conditions, that is the re-employment of O. E. Cannon in said bank never occurred; that all of said matters and negotiations and transactions transpired and occurred in Hidalgo County, Texas."

The evidence does not support the finding of the trial judge that Jones agreed that · Logan Duncan would not be called upon or expected to pay said note, and would not be liable thereon, until one Mr. O. E. Cannon, a former officer of said bank prior to its closing, was again placed in said bank as an active officer in the conduct and management of its affairs.

The burden of proof was upon Ferguson to establish by a preponderance of the evidence that W. W. Jones had perpetrated a fraud upon him in Hidalgo county. The testimony given by Logan Duncan is the only testimony tending to establish the fact that the note was a conditional note. It is insufficient to show that Jones accepted the note with the understanding that Duncan was not to be liable thereon until Mr. Cannon had been established in the bank as an active officer. Compton v. Elliott, 126 Tex. 232, 88 S.W. (2d) 91; Aetna Life Ins. Co. v. Gallagher (Tex.Com.App.) 94 S.W.(2d) 410.

Accordingly, the order of the trial court overruling the plea of privilege will be reversed, and an order here entered granting appellant's plea of privilege, and directing the district clerk of Hidalgo county to transfer this cause, in the manner provided by law, to a district court in Nueces county having jurisdiction of this cause.

Reversed and rendered, with instructions.