### SOUTHERN UNDERWRITERS v. SANDERS.

#### No. 4805.

Court of Civil Appeals of Texas. Amarillo.
Oct. 18, 1937.

Rehearing Denied Dec. 13, 1937.

Claude Williams and Lightfoot, Robertson, Saunders & Gano, all of Fort Worth, and Simpson, Dorenfield & Fullingim, of Amarillo, for plaintiff in error.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for defendant in error.

FOLLEY, Justice.

This is a workmen's compensation case. Giving the parties their trial court designation, the plaintiff, George H. Sanders, filed this suit in the district court of Gray county, Tex., in the nature of an appeal from an award of the Industrial Accident Board in accordance with the Texas Employers Liability Act (Vernon's Ann.Civ. St. art. 8306 et seq.). He alleged that while engaged in unloading some casing in the course of his employment by a subscriber of the defendant insurance company, the Southern Underwriters, a joint of heavy casing fell and struck his right foot, severely injuring the same. He alleged that such injury resulted in the total loss of the use of his foot for a considerable number of consecutive weeks, and that the total loss was followed by a partial loss of the use of his foot of 75 per cent., which partial loss was permanent.

To plaintiff's petition, the defendant, the Southern Underwriters, filed a general demurrer and special exceptions which were overruled by the court but not brought forward in this appeal, and in addition thereto, filed a general denial to the allegations of the plaintiff.

In answer to special issues, the jury found, among other things, that the plaintiff sustained an injury to his great toe; that he sustained an injury to the foot back of the toes; that said injury resulted in the total loss of the use of the foot for twenty-six weeks, beginning on December 6, 1934, the date of the injury; that the injury resulted in partial loss of the use of plaintiff's foot, which began on June 6, 1935; that the percentage of partial loss was 60 per cent.; and that said partial loss was permanent. Upon the verdict of the jury, the court rendered judgment for the plaintiff based on total incapacity for twenty-six weeks, and for partial incapacity for ninety-nine weeks, beginning on the date of the expiration of the first twenty-six weeks after the injury. From this judgment the defendant prosecutes this appeal.

The defendant first complains of the submission of special issue No. 5, which is as follows: "Do you find from a preponderance of the evidence that the injury, if any, resulted in partial loss of use of the plaintiff's right foot?" The defendant says the above issue, in view of the facts and circumstances in this case, places the burden upon the defendant to prove that the plaintiff had suffered a partial loss of the use of his foot, which the defendant asserts was a defense to plaintiff's cause of action as to total incapacity. The defendant further complains as to said issue on the theory that it did not place the burden on the plaintiff to show that his injury was not partial permanent or partial temporary.

We think the above issue placed the burden of proof upon the plaintiff to show his partial incapacity. The defendant does not complain on this appeal of the court's apparent failure to charge defensively and affirmatively on partial incapacity for the benefit of the defendant. We think the plaintiff was entitled to the submission of the above issue as a part of his cause of action upon which was based a portion of his recovery. The burden was properly placed upon him to prove such partial disability which is supported both by pleadings and proof. Certainly, such an issue could not be denied the plaintiff when it constitutes a very material part of his cause of action. We also think the defendant, upon proper request, would have been entitled to an affirmative submission of the issue of partial incapacity as a defense to total incapacity, and the burden of proof in such an instance should still be on the plaintiff to establish the lack of partial incapacity during the period of total incapacity. The defendant, however, has not raised the question of the court's failure to submit the issue affirmatively for the benefit of the defendant, but complains only that such issue was submitted for the benefit of the plaintiff and that it placed the burden of proof upon the defendant. Such being the state of the record, we overrule this assignment. Indemnity Ins. Co. of

North America v. Boland (Tex.Civ.App.) 31 S.W.2d 518; Traders & General Ins. Co. v. Herndon (Tex.Civ.App.) 95 S.W.2d 540; Texas Indemnity Ins. Co. v. Thibodeaux (Tex.Com.App.) 106 S.W.2d 268; Texas Employers' Ins. Ass'n v. Horn (Tex. Civ.App.) 75 S.W.2d 301; Ford Motor Co. v. Whitt (Tex.Civ.App.) 81 S.W.2d 1032.

■■ The defendant next complains that the jury was not authorized by the testimony to find 60 per cent. partial loss of the use of plaintiff's foot, in the face of the fact that Dr. Roy A. Webb, at the time of the trial, testified that in his opinion, at that time, the plaintiff was suffering a 50 per cent. loss of the use of his foot. This trial began in the district court of Gray county on the 11th day of June, 1936, some eighteen months after the alleged injury. This 50 per cent. estimate of the doctor was his opinion of plaintiff's disability on the day of the trial. The defendant asserts that no other witness testified as to any other percentage of disability, and that the plaintiff was therefore bound by such testimony. From an examination of the statement of facts, we find that the above testimony is not all the testimony in the record on the question of partial loss of the use of the foot. The plaintiff testified at length as to how the accident occurred, the nature of his injury, the progress, treatment, and the condition of his foot from the time of the injury to the date of the trial. Furthermore, Dr. Webb testified that the plaintiff, due to his injury, could not stand upon his toes or his right foot, that he was unable to climb a ladder, drive a car, or walk on even ground without pain. He also testified that the extent of the loss of use of plaintiff's foot would be a mere difference of opinion, but that he would give him a 50 per cent. loss of the use of the foot at that time.

Even though this is the only opinion in the statement of facts as to the percentage of partial loss of the use of the foot, we do not think it is conclusive and binding on the jury. The jury would be entitled to form their own conclusions from all the evidence in the case, and this would be more particularly true when the expert witness himself admits that the percentage is a mere difference of opinion. We think the testimony as a whole supports the jury finding of 60 per cent. partial loss of the use of plaintiff's foot. We overrule this assignment. Simmonds v.

St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; McMath Co. v. Staten (Tex.Civ.App.) 42 S.W.2d 649; Gulf, C. & S. F. Ry. Co. et al. v. Davis (Tex.Civ. App.) 225 S.W. 773; Houston Belt & Terminal Ry. Co. v. Vogel et ux. (Tex.Civ. App.) 179 S.W. 268; 22 C.J. 728, par. 823; 17 Tex.Jur. 904, par. 406.

■ The defendant further complains of the court's reference to the injuries of the plaintiff "as alleged by him" in the submission of special issue No. 1 (a), which issue is as follows: "Do you find from a preponderance of the evidence that George H. Sanders sustained personal injury as alleged by him, on the 6th of December, 1934?" The defendant does not allege or show that the proof does not sustain plaintiff's allegations as to his injuries. We think the evidence supports the plaintiff's allegations as to his injuries. This identical question was passed upon by this court in the case of Texas Employers' Ins. Ass'n v. Hamor, 97 S.W.2d 1041, 1043. In discussing this question, the late Chief Justice Hall in his opinion in that case said: "This was assailed upon the ground that the court erred in referring to plaintiff's pleadings. While it is the better practice for the trial judge to so frame the issues as not to make reference to the pleadings, there are, however, exceptions to the rule. In a case where there are no facts alleged which are not supported by the testimony, a reference to the pleadings for identification does not constitute reversible error, and the rule is rarely, if ever, applied to workmen's compensation cases." Citing authorities. In view of the holding in the above case and the authorities cited therein, we overrule this assignment.

■■ The next assignment of the defendant is in regard to the failure of the court to submit an issue affirmatively for the benefit of the defendant asking the jury whether or not the injury to the plaintiff was confined solely to the great toe. The court submitted an issue asking the jury if the plaintiff sustained an injury to his great toe. Following this, an issue was submitted asking the jury if, at the same time, he sustained an injury to the foot back of the toes. To each of these issues, the jury answered in the affirmative. It is apparent that each of these issues was submitted for the benefit of the plaintiff as a part of his cause of action and to which he was entitled under the pleadings and

the evidence. The burden of proof was properly placed upon the plaintiff in each of these issues. The defendant objected to the court's charge for failure to likewise submit an issue inquiring of the jury as to whether the injury was confined to the great toe. The defendant did not prepare and tender to the court any special charge on such point.

Objections to a court's charge for failure to submit issues do not amount to requests for same. The defendant had no right to complain of the issue as submitted. It was a proper issue under the evidence. It was neither defective in substance nor affirmatively erroneous. No committed error was pointed out to the trial court by the defendant's exceptions in this regard. In order to avail itself of the benefit of having such an issue submitted affirmatively for its defense, the defendant should have properly requested such a charge. Then if the court had failed to grant such a request there would have been sufficient cause for complaint, but a mere objection to a correctly given charge or an objection to the court's failure to give a charge would not be a proper request for the submission of an issue. We overrule this assignment. Gulf, C. & S. F. Ry. Co. v. Conley et ux., 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Department Store (Tex.Civ.App.) 94 S.W.2d 849; Harris v. Leslie, Chief Justice, et al. (Tex.Sup.) 96 S.W.2d 276; Texas Indemnity Ins. Co. v. Perdue (Tex.Civ.App.) 64 S.W.2d 386; Texas Employers' Ins. Ass'n v. Horn, supra.

■ The defendant further complains that the court failed to submit an issue to the jury as to whether or not the loss of the use of plaintiff's foot was not due to plaintiff's voluntary nonuse of his foot following his injury. The defendant says that such an issue should have been submitted as an affirmative defense to plaintiff's cause of action. There was some testimony from Dr. Bellamy to the effect that the contracted condition of the toes of plaintiff's foot was due to nonuse. It was not shown by his testimony, or by any other testimony, that such nonuse was not due to the injury or that such was not a direct result thereof. The court gave a

correct definition of "injury" in conformity to the statute. He charged that an injury meant damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. Certainly, if the injury to the foot was as serious in nature as most of the testimony shows, and the jury found, the defendant could not expect free use of such foot by the plaintiff. We think nonuse of any damaged member of the body would naturally follow as the result of a serious injury to that member. Furthermore, the defendant did not submit to the court a prepared requested issue covering the matter about which he now complains. For this reason, and in view of the testimony as to the nonuse of the foot, we overrule this assignment by reason of the authorities cited in the foregoing assignment last above.

■ In defendant's last proposition he assigns as fundamental error the failure of the court, in his definition of "injury" to incorporate in such definition the theory of an accidental happening. No objection is alleged to have been made in the trial court to such omission, and no request was made for such a charge. Under the facts in this case, there was but one happening out of which there was an immediate injury. There is no intimation in the evidence of any willful intention upon the part of the plaintiff to injure himself. The question as to whether or not the injury was accidental was not raised by the testimony in any manner. Although we recognize the fact that the Workmen's Compensation Law implies that any injury must be accidental before a recovery can be obtained, still we think, under the facts in this case, the plaintiff brought himself clearly within the operation of this law. Since there was no controversy as to the accidental nature of the injury, we think the court was authorized, as a matter of law, to presume that the injuries were accidental. Fidelity Union Casualty Co. v. Martin (Tex.Civ.App.) 45 S.W.2d 682; Texas Employers' Ins. Ass'n v. Mints et al. (Tex.Civ.App.) 10 S.W.2d 220.

Finding no reversible error in the record, the judgment of the trial court is affirmed.