## NATIONAL INDEMNITY UNDERWRITERS OF AMERICA v. WASHINGTON.

### No. 12669.

Court of Civil Appeals of Texas. Dallas.

June 18, 1938.

Rehearing Denied Sept. 24, 1938.

Lightfoot, Robertson & Gano and Dan P. Johnston, all of Fort Worth, for plaintiff in error.

Kennemer & Armstrong, of Dallas, for defendant in error.

LOONEY, Justice.

This is an appeal from an award by the Industrial Accident Board, hence arose under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq. The parties will be referred to as in the court below. Earnest Washington, employee of Southern Lead Company, subscriber, in the course of employment, accidentally stepped into a vat of molten lead, severely burning his right foot, especially near the ankle, and more or less severely above the ankle but below the knee. The National Indemnity Underwriters of America, defendant, was the insurance carrier.

The case was submitted to the jury on the theory that, plaintiff's right leg, in its entirety, was involved. The jury found that he suffered 28 weeks of total disability (at $10.90 per week); also suffered 33⅓ percent loss of the use of his leg for 208 weeks (reduced by remittitur to 172 weeks) at $3.63 per week, making a total of $930.-12, for which judgment was rendered, resulting in this appeal by writ of error.

The main contention of the defendant is, that the theory on which the case was submitted—that is, as involving injury to plaintiff's right leg, as distinguished from injury to his foot—was not authorized by

either the pleadings or evidence. After a careful examination of the pleadings and the evidence bearing upon this issue, we have reached the conclusion that both the pleadings and evidence justified the submission. In view of the record, we cannot say that it reveals no evidence authorizing the submission or justifying the findings of the jury.

Another contention is that, in several respects the court's charge was upon the weight of the evidence. We do not think so. By apt phraseology the court seems to have been meticulous in efforts to avoid commission of the error assigned.

Defendant contends further that the court committed fatal error in failing to submit the case on the theory of a foot injury alone. Defendant laid the basis of this contention by simply objecting to the court's charge, on the ground that both the pleadings and evidence confined plaintiff's injury to his right foot, and, in this connection, requested the court to prepare and submit to the jury, in lieu of the issue presented in the charge, a proper issue inquiring as to a partial loss of the use of plaintiff's right foot. But, defendant failed to accompany this request with a correctly prepared issue, in such form as that the court could have indorsed thereon either "given" or "refused".

▆ Objections to a charge are designed to reach errors of commission in the charge as prepared; errors of omission should be taken advantage of by requested issues correctly prepared. The following authorities sustain this doctrine: Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Harris v. Thornton's Department Store, Tex.Civ.App., 94 S.W.2d 849; Southern Underwriters v. Sanders, Tex.Civ.App., 110 S.W.2d 1258.

Judgment of the court below is affirmed.

### On Rehearing.

▆▆ This case was plead and submitted on the theory that the injuries received by plaintiff involved his right leg. Among other assignments urged for reversal was that, the court committed reversible error in failing to submit the case on the theory that plaintiff's injuries simply involved his right foot. Defendant urged an objection to the theory on which the court submitted the case and requested in lieu of the charge given, that the court prepare and submit a proper issue presenting its theory of the case—that is, that plaintiff had simply suffered an injury to his right foot. However, the defendant failed to accompany the request with a properly prepared charge on that issue; hence, on authority of the cases cited in the opinion (among others, Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183), we overruled defendant's assignment and held that an omission to charge on an issue should be taken advantage of by a tendered issue correctly prepared. In addition to the authorities cited, others in point could have been cited, to-wit: Pennington Produce Co. v. Browning, Tex.Civ.App., 293 S.W. 935; Miller v. Fenner, etc., Tex.Civ. App., 89 S.W.2d 506, 515; Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276.

In its motion for rehearing, defendant contends that our holding is in conflict with the following cases: Morrison v. Antwine, Tex.Civ.App., 51 S.W.2d 820; Traders', etc., Ins. Co. v. Forrest, Tex.Civ.App., 78 S.W.2d 987; City of Brownwood v. Anderson, Tex.Civ.App., 92 S.W.2d 325; Kansas City, etc., R. Co. v. Foster, Tex.Civ.App., 54 S.W.2d 270, 271.

Recognizing, but notwithstanding the conflict, we followed the rule announced by the Supreme Court in Gulf, C. & S. F. Ry. Co. v. Conley, supra, in which, after referring to the statutes involved and quoting from former Art. 1971 (now Art. 2185), the Court said: "The article further makes it the duty of the trial court to decide on and instruct the jury as to the law arising on the facts, and to submit all controverted questions of fact to the decision of the jury. Article 1985 [now Art. 2190], relating to the submission of cases on special issues, requires the court to submit all the isses made by the pleadings, and provides that the failure to submit any issue shall not be deemed a ground for a reversal of the judgment unless its submission was requested in writing by the complaining party. These two statutes were enacted to accomplish the same purpose, and we think a failure to submit any particular issue under either statute can be reviewed on appeal only where the record shows a special charge was tendered on that issue."

The doctrine announced by the Supreme Court was subsequently followed by the Eastland Court of Civil Appeals, in Harris v. Thornton's Department Store, 94 S.W.2d 849; thereupon, Harris (appellant in the case), based upon the alleged conflict of decisions, made application to the Supreme Court for the issuance of a mandamus com-

pelling the Eastland Court to certify the following question, to-wit: "Where the case was submitted to the jury on special issues, and the Appellant, plaintiff in the Court below, timely and properly objected in writing to the Court's charge because of the Court's failure to submit to the jury a material issue, necessary to his recovery of damages and on which there was a conflict of evidence, which objections were overruled by the Trial Court, to which action and ruling of the Court plaintiff excepted; but did not formulate an issue presenting the question and request the Court to submit such issue to the jury; was his objection and exception made as aforesaid sufficient to entitle him to a review by the Appellate Court of the alleged error of the Trial Court in failing to submit said issue?" It will be observed that the question propounded is precisely the same as the one now under consideration.

The Supreme Court, in a per curiam opinion (see Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276, among other things, said: "The case before the Court of Civil Appeals out of which the question arose is Harris v. Thornton's Department Store, 94 S.W.2d 849. The opinion of the Court of Civil Appeals freely admits the conflict of decisions on the question, but follows the opinion of this court in Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183. This court, as recently stated in Aetna Life Ins. Co. v. Gallagher, [127 Tex. 553], 94 S.W.2d 410, will not require the certification of a question which it has already decided, unless the decision of the Court of Civil Appeals on that question is contrary to the Supreme Court's decision thereon. The decision of the Court of Civil Appeals being in harmony with the decision of this court in the Conley Case, supra, the motion for leave to file will be denied." Although, for the reason stated, the Supreme Court declined to answer the question certified, yet the conclusion is inescapable that, in the court's opinion, the identical question had previously been decided by it in Gulf, C. & S. F. Ry. Co. v. Conley, supra, and that the rule there announced, was correctly applied by the Eastland Court in Harris v. Thornton's Department Store, supra.

■ Objections to charges given need not be followed by the tender of special charges on the issue involved, but not so as to omissions; in the latter instance, the wisdom of requiring a litigant to tender a special charge supplying a deficiency is in order that a full disclosure of the alleged omission may be made, otherwise, the court, in the hurried discharge of duties, would be required to interpret objections, often ambiguous and equivocal in meaning.

We therefore overrule defendant's motion for rehearing.