### MORELAND v. HAWLEY INDEPENDENT SCHOOL DIST.

#### No. 2268.

Court of Civil Appeals of Texas. Eastland.

Jan. 14, 1943.

McMahon, Springer & Smart, of Abilene, for appellant.

Wiley L. Caffey, of Abilene, for appellee.

FUNDERBURK, Justice.

At a former term this court handed down its opinion in this cause affirming the judgment of the court below, which had overruled a plea of privilege of H. J. Moreland, 163 S.W.2d 892. During that term, on June 26, 1942, Moreland's motion for rehearing was overruled, as was also a motion to certify a particular question to the Supreme Court. Said term ended on or about October 3, 1942.

Thereafter, on December 16, 1942, the Supreme Court, having previously sustained a motion of Moreland for leave to file a petition for mandamus, rendered its decision granting the petition for mandamus and commanding this court—subject to a stated alternative—to certify to the Supreme Court the same question we had been requested by Moreland to certify, Moreland v. Leslie, Tex.Sup., 166 S.W.2d 902. The alternative was that we conform the decision of this court to the decision of the Supreme Court. The question which we were requested by Moreland to certify and which the Supreme Court, subject to said alternative, has commanded us to certify, is, as stated in Judge Brewster's opinion (Moreland v. Leslie, supra), as follows: "In order to hold venue under subdivisions 9 and 29a of Article 1995 * * * where suit is brought against two persons for joint and several judgment for damages on the theory that a trespass has been committed, is it necessary for plaintiff to allege in his controverting affidavit and prove on the hearing that the·person alleged to be the agent of the other is in fact the agent and acting within the scope of his authority?"

We overruled Moreland's motion to certify said question for the reason, possibly among others, that as to that question we followed unanimously the decision of the Supreme Court, by Judge Brewster, in Brown Express, Inc. v. Arnold, 138 Tex. 70, 157 S.W.2d 138. The opinion after setting forth the holding upon said question in the Brown Express case said [163 S.W.2d 895]: "Under this authority, and the state of the evidence as before recited, there is no escape from the conclusion that there was no evidence to sustain venue under exception 9 in Jones county as to H. J. Moreland." The writer, it is true, criticized the decision of the question in the Brown Express case, but said:· "I am forced to recognize that this court is bound by the decision in the Brown Express case. Though that decision be binding, I am taking the liberty of criticizing it." Thus unanimously did the opinion and judgment of this court in all respects conform to the decision of the Supreme Court as respects the very question we have been commanded to certify. Under like circumstances, leave to file a petition for mandamus was denied in Harris v. Leslie, 128 Tex. 81, 96 S.W.2d 276. That motion for leave was denied for the reason, as stated by the court, that "this court [the Supreme Court], as recently stated in Ætna Life Insurance Company v. Gallagher [127 Tex. 553], 94 S.W.2d 410, will not require the certification of a question which it has already decided, unless the decision of the Court of Civil Appeals on that question is contrary to the Supreme Court's decision thereon. The decision of the Court of Civil Appeals being in harmony with the decision of this court in the

Conley case [Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183], supra, the motion for leave to file will be denied." The question here naturally suggests itself why the same order was not made upon the motion of Moreland for leave to file his petition in Moreland v. Leslie, supra.

The Supreme Court quite evidently misunderstood our opinion in this case. Judge Brewster's opinion says: "Under those facts [that is, the facts under which we held there was no evidence to sustain venue as to Moreland under exception 9], the opinion of the Court of Civil Appeals is in direct conflict with its own prior unanimous decision in Longhorn Drilling Corporation v. Padilla, 138 S.W.2d 164, 166," etc. There was no conflict between the unanimous decision in the Longhorn case and this case or between either of them and the Brown Express case. As said before, the writer criticized but expressly recognized the binding effect of the Brown Express decision. As respects the particular question, nothing said in the entire opinion imports any questioning by the writer's associates of the soundness of the Brown Express decision. Certain indication of a misunderstanding of some sort is apparent from the nature of the alternative upon which mandamus would not issue, namely, if this court "conforms its decision" to that of the Supreme Court. Upon the question, this court is commanded to certify, the decision of this court was already in conformity to the decision of the Supreme Court.

Under the circumstances we find ourselves involved in doubt as to the proper action to be taken. We cannot avoid the obligation to certify, by changing our decision upon the question we are commanded to certify, since to change it would produce a conflict not otherwise existing. Quite obviously a decision cannot be made to conform to decisions with which it is already in conformity. On the other hand, if by inaction we do not avail ourselves of the prescribed alternative and the Supreme Court does not change its order, our duty appears to be to do the apparently futile thing of certifying the question. This situation is complicated by other factors.

Did the mere filing of a motion in the Supreme Court requesting leave for Moreland to file his petition for mandamus have the effect of preventing the finality of our judgment with the close of the term? Does

this court still have authority to change or set aside the judgment?

Further, the Supreme Court's opinion indicates views contrary to the holding of the majority of this court upon one or more questions other than the one we were requested to certify and have been commanded to certify. These questions alone, it is to be seen, constituted the basis for the judgment of affirmance. Since, however, all that was said in the opinion of the Supreme Court relating to such questions was in terms directed to the very different and disconnected question which we regarded as having been already decided by the Supreme Court and followed, it would appear to be advisable that the Supreme Court's views if not affected by that fact be expressed directly with reference to a proper statement of the really controlling questions.

The question, the decision of which determined the judgment of this court in this case, and upon which there was a majority and minority opinion, may be stated simply and concretely thus: In a suit against at least two defendants to recover of them jointly damages for a tort, neither defendant being a resident of the county in which the suit is brought, if the venue as to one of the defendants is authorized under exception 9 to the general rule of venue (R.S.1925, Art. 1995), because such defendant committed a trespass in such county, upon which the suit is based, is the other defendant, who by the suit is sought to be adjudged liable only in accordance with the doctrine, principle or maxim of respondeat superior, a *necessary* party to the suit within the provisions of exception 29a to said general rule of venue? The decision of that question, involving the decision of the incidental question of the manner of making proof that a party is a *necessary party,* alone resulted in an affirmance of the judgment. No request was made for a certification of either of said two questions. The decision in Moreland v. Leslie, supra, embraces no command that we certify either of said questions.

As an original proposition, unaffected by decisions of the Supreme Court, all the members of this court were unanimous in the view that said first question should be answered in the negative, or stated in terms of its application to this case, that Moreland was not a *necessary* party. We were unanimous in the view that the Supreme

Court in Commonwealth Bank & Trust Co. v. Heid Brothers, 122 Tex. 56, 52 S.W.2d 74, and Pioneer Building & Loan Association v. Gray, 132 Tex. 509, 125 S.W.2d 284; Id., Tex.Civ.App., 126 S.W.2d 995, had decided the same question to the contrary or in the affirmative. The writer's only disagreement was as to the authoritativeness of said decisions in view of other decisions believed to be, in principle at least, in conflict therewith. Was the conclusion wrong that according to said two decisions of the Supreme Court Moreland was a necessary party to the suit within the meaning of that term as employed in said exception 29a?

In the first case, which for brevity shall be referred to as the Heid Brothers case, the Supreme Court, answering a certified question, held that in a suit against Marley and Heid Brothers to establish against them a joint liability to pay a particular indebtedness, Heid Brothers was a necessary party to the suit under exception 29a. Said the court [122 Tex. 56, 52 S.W.2d 75]: "We .presume that the bank [plaintiff] is here asserting all of its rights by seeking both *a joint* and a several judgment. Such being the case, the bank is entitled to the *complete relief sought;* that is, it is entitled to a *joint judgment against the two defendants,* as well as a several judgment against each of them. *Of course, a joint judgment could not be rendered against both defendants unless they are both made parties defendant in the same action.* It follows *that Heid Bros.* is both a proper and a *necessary party* to this suit." (Italics ours.) In the very recent case of Tarrant v. Walker, Chief Justice, 166 S.W.2d 900, 901, Judge Brewster for the Supreme Court says: "In Commonwealth Bank & Trust Co. v. Heid Brothers, supra, one of the defendants lived in the county of the forum, so venue of the suit was properly laid in that county as to Heid Bros., under the express provisions of subdivision 4, Art. 1995, supra, and it was unnecessary to invoke the provisions of subdivision 29a to hold the venue there." Does that mean the holding that Heid Brothers was a necessary party—as to which the above quoted language of the opinion certainly leaves no doubt— was merely a dictum and therefore not to be considered as presenting any question of conflict with a decision holding directly to the contrary upon that question? The Court of Civil Appeals had held that exception 29a repealed and superseded exception 4. The Supreme Court expressly did not decide that question. It was considered unnecessary to do so. The plain meaning of the decision is that regardless of whether, or not, exception 29a repealed exception 4, Heid Brothers was a *necessary* party. The decision may have been wrong. Possibly the court could have rested a judgment to the same effect upon a sounder basis, but we are unable to see that the question decided was unnecessary in the sense that it was, nevertheless, the duty of all inferior courts to wholly disregard it. If the intention to so hold may be thought to be implicit in the opinion in the Tarrant case, it would seem to be advisable that it be more certainly expressed. On the other hand, if the thought intended to be expressed was that subsequent decisions had in effect overruled the Heid Brothers case, that, it seems to us, would not alter the proposition that a question of conflict such as requires certification of a question is not dependent upon whether the decision of the Supreme Court is correct or not. A good reason for requiring the certification, if conflict exists, would be to afford opportunity for the Supreme Court to change its own decision, if it saw fit to do so.

But even if the decision of the question. in the Heid Brothers case should be regarded as purely a dictum, the test therein prescribed for determining a necessary party was subsequently expressly adopted (which was not a dictum) in the Gray case. Note the following in the last mentioned decision said with reference to the Heid Brothers case [132 Tex. 509, 125 S.W.2d 286]: "The test there applied was not whether the plaintiff could obtain *any relief* without the joinder of both defendants, but whether he could obtain *the complete relief sought* without their joinder." (Italics ours.) Was this same test applied in the Gray case? Again we quote from that opinion: "The clear meaning of that language [that is, the language of 29a] is that a plaintiff may maintain against all necessary parties the same suit which he may maintain under any other exception of Article 1995 against any one party, *and every party whose joinder in the suit is necessary to the securing of full relief in 'such suit' is a necessary party in the sense that term was used in subdivision 29a."* (Italics ours.) These decisions, so far as we can find, had not been expressly overruled. Is it strange then that the majority

conceived it to be their duty to follow them, regardless of their personal opinions upon the question?

The record exhibits a suit in which the plaintiff was seeking to establish by one judgment an alleged joint liability of Edins and Moreland. The suit as to Edins was one unquestionably "based upon a * * * trespass" committed in Jones County. The only other question was whether Moreland was a necessary party to the suit, and the question incidental to that, namely, the manner of making proof that Moreland was a necessary party. We find ourselves unable to give any character of intellectual assent to the proposition that, whether right or wrong, the first question had not been answered in the affirmative by the decisions in the Heid Brothers and Gray cases.

■ Had we been requested to certify that question, we probably would have refused for the same reason that we refused to certify the question which we were requested to certify, that is to say for the reason we were under no duty to certify a question already decided by the Supreme Court with which our decision conformed. Harris v. Leslie, supra; Ætna Life Insurance Company v. Gallagher, 127 Tex. 553, 94 S.W.2d 410; Tarrant v. Walker, supra; City of Corpus Christi v. McMurrey, Tex.Civ.App., 92 S.W.2d 1108, opinion by Leslie, Chief Justice, mandamus refused.

However, the subsequent decisions in Moreland v. Leslie and Tarrant v. Walker now seem to make it desirable, even if we are not required to do so, to certify that question to the Supreme Court for an opinion in which it will appear that such if intended is the question really decided.

Regarding the manner of making proof that Moreland was a necessary party to the suit, we assumed that there was no room to doubt that that question was foreclosed by the decision in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. In that case the Supreme Court undoubtedly held to the effect that the nature of a suit—when its nature is a venue fact—is provable only by the plaintiff's petition, and that included in the nature of a suit, and likewise so only provable, is the fact of whether, or not, a party named a defendant in the pleading and asserting a plea of privilege is a "proper party." Reasoning from analogy, we held that the fact that whether one asserting a plea of privilege is a *necessary party* would be provable only in the same way as a *proper* party. This court in an opinion by Chief Justice Leslie decided this question in Ulmer v. Dunigan Tool & Supply Co., 163 S.W.2d 901, and a motion for leave to file a petition for mandamus to require us to certify that question was denied by the Supreme Court on October 14, 1942. Upon this point the Supreme Court in the Stockyards case apparently approved what we had said upon that point in Oakland Motor Car Company v. Jones, 29 S.W.2d 861, 864, as follows: "An examination of the several exceptions to the general rule of venue will disclose that some of the exceptions are based upon the fact of the nature of the action, together with one or two other simple facts that are ordinarily easy of proof. For example, where the nature of the suit is one for the recovery of land (subdivision 14), or 'for divorce' (subdivision 16), or 'against a county' (subdivision 19), etc. In all such cases, where the exception is based in part upon the nature of the action, the plaintiff's petition is the best and all-sufficient evidence of the nature of the action." If the majority and minority opinions of this court in the Stockyards case had been published, they, in connection with the opinion of the Supreme Court, would have shown beyond doubt that the main and ultimate question involved was the manner of proving that a named defendant asserting a plea of privilege was a *proper* party. In the absence of the publication of our said opinions, however, that fact is implicit in said opinion of the Supreme Court. The strongest argument, if not the only argument, in support of the majority view of this court in the Stockyards case to the effect that it was necessary for plaintiff to prove a cause of action against the *non-resident defendant,* was that otherwise there would be no evidence that the non-resident defendant was a proper party to the suit. Certainly it would seem there can be no gainsaying the fact that the Supreme Court decided to the contrary.

How, it may be asked, if the fact is not provable by the allegations of the petition, would a plaintiff go about proving, for example, that a suit was a suit for divorce under exception 16? Would he have to prove all the facts, showing that he was entitled to a divorce merely to establish that he was entitled to try the suit in the particular county under that exception? If plaintiff's petition stated a cause of action for divorce, would not the suit be a suit for

divorce, regardless of whether plaintiff in fact was entitled to a divorce? If the petition is not the all-sufficient proof of the nature of the case when, as recognized in the Stockyards case, an exception is so stated that the nature of the case becomes a venue fact,—how would a plaintiff relying upon exception 14 prove that the suit was one for the "recovery of lands", or for "damages thereto" or to "remove incumbrances upon the title to land", etc.? How would one prove that a suit was one against a county and thereby sustain venue thereof in the same county under exception 19, unless his petition sufficiently shows such to be the nature of the suit?[1] In any such

[1] In order to guard against a further confusion of the controlling questions with the question not controlling which we have been commanded to certify to the Supreme Court, the writer expressing only his personal views, suggests this additional example to those given with somewhat more extended discussion which follows:

Under exception 9, why is not plaintiff's petition "the best and all-sufficient evidence" of the nature of the suit, that is to say, that it is a suit based upon a crime or a trespass? Under Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, it must, of course, in addition be proved that the crime or trespass was actually committed and that the place of such commission was in the county where the suit is brought. It is respectfully suggested there is no necessary inconsistency between these two statements; but, if it be held that the nature of the suit is sufficiently established by the allegations of the petition, that is that the suit is one based upon a crime or trespass, would not that have an important bearing upon the character of the proof required to establish the other venue facts? Granted that the proof of the additional venue facts includes proof that a crime or trespass was actually committed in the particular county, may not such proof be sufficient, although limited, to establishing that only one of the defendants actually committed the crime or trespass? For purposes of discussion, let us consider three hypothetical cases as follows:

Case One: A, the servant of B, advises, encourages or incites C, the servant of D, to commit a crime or trespass in E County to the injury of F. F sues B and D in said E County to recover damages, seeking to hold B and D liable upon the theory that A, the servant of B, in advising, encouraging or inciting C, the servant of D, to commit the crime or trespass, and C in the actual commission, were each acting within the scope of his employment as servant aforesaid. Should the plea of privilege of B—a non-resident of the county—be sustained as against E's contention that the suit was one based upon a crime or trespass committed in E County, notwithstanding the evidence fully established, or raised issues found to such effect, that C committed the crime or trespass in that county and according to the allegations of plaintiff's petition if true, B would be liable for the damages resulting to F from the acts or omissions constituting such crime or trespass? Note that in the statement of the case C, who committed the crime, or trespass, was not the servant of B and of course in doing so was not in the course of any employment of B or within the scope of any authority given by B. B's liability (assuming the truth of the allegations of plaintiff's petition) results from the fact that his own servant, A, was acting within the general scope of his authority, in encouraging, advising or inciting C, servant of D, to commit the crime or trespass. Upon the trial of B's plea of privilege all questions are necessarily comprehended in this one general question, namely: Is the suit one based upon a crime or trespass committed in E County? The very statement of exception 9 makes such question comprehensive of all venue facts. Why, then, read into exception 9 something the Legislature did not see fit to write into it, and thereby make the exception read the same as if it provided that a suit based upon a crime or trespass may be brought in the county where such crime * * * or trespass was committed by the defendant? Certainly it would seem a suit based upon a crime or trespass does not necessarily import the same thing as a suit to recover damages from the one who commits a crime or trespass.

Case Two: A, the servant of B, as one individual, and B, as another individual, agree that a certain thing shall be done which may be found to constitute a crime or trespass committed in C County; and further agree that A shall do that thing. A carries out the agreement, resulting in injury to D, the venue of whose suit against A and B is sought to be sustained under exception 9.

Case Three: A, the servant of B, without the knowledge or consent of B, and contrary to his positive instructions, but within the general scope of his employment, commits a crime or trespass in C County resulting in damages to D. Venue of D's suit in C County against A and B, neither of whom resides in that county, seeking to establish the joint

case, it seems to us, there can be no valid contention that the nature of the suit is in any degree dependent upon whether the plaintiff is entitled to recover as a matter of fact.

In every suit, not subject to a plea of misjoinder of parties, the parties, when more than one, are either proper or necessary. We can perceive of no principle of distinction which would sanction the proposition that although the fact of whether one named a defendant is a *proper party* pertains to the nature of the suit, and as to which plaintiff's petition "is the best and

---

liability of Defendants, is sought to be sustained on the ground that venue is authorized by exception 9.

In Case One, B's liability is based upon the maxim or doctrine of respondeat superior (Let the principal answer), not, however, in relation to C—the one actually committing the crime or trespass, but to his own servant, A, who, although not an actual participant, nevertheless caused the damages by advising, encouraging or inciting another, who was neither the employee of himself nor of his master, to do so. But in addition to liability according to the doctrine of respondeat superior, there is involved the other doctrine of Qui facit per alium facit per se (He who acts through another, acts for himself). B's servant, acting within the scope of his authority as such in advising, encouraging or inciting D's servant within the scope of his employment with D to commit the crime or trespass rendered B liable on the ground that what his servant did under those circumstances, B did.

In Case Two the facts may or may not warrant application of the doctrine, or maxim of respondeat superior; but they do warrant application of the doctrine, or maxim, of Qui facit per alium facit per se. In Case Two upon the doctrine last stated B, the master, would be liable, not because A was his servant, but because he agreed that A, regardless of any relationship, should commit the crime or trespass. The best decision we have found illustrating the difference between these two theories of liability as applicable to these hypothetical cases is Sams v. Arthur, 135 S.C. 123, 133 S.E. 205, 207. An understanding of the distinction is so important to the point we seek to make, that we quote rather at length from the cited case as follows:

"The liability of a principal or master for the torts of his agent or servant committed while acting within the actual scope of his agency or employment is based upon the principle of respondeat superior. This principle is a declaration by the courts of the public policy of the state.

"An individual is charged with the consequences of an act done directly by himself or indirectly by another at his command. Qui facit per alium facit per se; and it is none the less his own act that it has been done by his agent thereunto specially authorized. If the agent should do an act not at the direction of the principal or master, but within the line, scope, or course of his employment, the principal or master is held liable, *not because it is his act, for as a matter of fact it is not*, but upon grounds of public policy under the principle of respondeat superior. A corporation can act only through agents, and where an act is done by one of them, specially directed thereunto by the corporation, it is the act of the corporation. Where the act done is not by the direction of the corporation, but within the line, scope, or course of the employment, the corporation is held liable, ordinarily, *not because the act is that of the corporation, for it is not*, but upon grounds of public policy under the principle of respondeat superior. The principle qui facit must not be confounded with that of respondeat superior. It is a common misconception to attribute the liability of a master for the delicts of his servant in every case to the principle of respondeat superior. The servant may cause injury in doing the very thing that the master directs him to do. In that case the master is held liable because the law holds that the act is *that of the master*, although done through the servant, under the principle qui facit per alium facit per se. He is therefore held responsible for his own act. But, on the other hand, the servant may cause an injury, while engaged within the line or scope of his employment, in doing an act which the master has not directed him to do or has specifically directed him not to do. *It is the act of the servant, not the master*, and the latter is held responsible upon grounds of public policy * * *." (Italics ours.) Citing Hearns v. Hospital, 66 Conn. 98, 33 A. 595, 31 L.R.A. 224; Chesapeake & Ohio Railroad Company v. Dixon, 179 U.S. 131, 136, 21 S.Ct. 67, 69, 45 L.Ed. 121; Helms v. Railroad Company, C.C., 120 F. 389, 392.

In Case Two where the facts may render applicable, either the principle or maxim of respondeat superior or qui facit, if the latter alone be relied upon, it is wholly immaterial whether A was the servant of B, as is also any inquiry as to whether he was acting within the scope of his employment. But can it be said

all sufficient evidence", as held in the Stockyards case, but that such rule may not be applied to determine whether one named a defendant is a *necessary party*.

■ Pending the Supreme Court's decision upon the several questions this day certified, including the question of power to change our judgment after the close of the term, the judgment entered in accordance with the majority's opinion (the writer's dissenting views being expressed in the original opinion and note hereto) will remain undisturbed.

with reference to the question under consideration that the nature of one such suit is any different from the nature of the other? Or would require a different character or manner of proof of such nature? Would not one be based upon a crime or trespass just the same as the other? In Case Three, which corresponds to the case under consideration, A and B are not truly joint tort-feasors or joint trespassers. "The trespass is a joint trespass where two or more persons *unite in committing it* or where some actually commit the tort and *the others command, encourage or direct it*. The persons participating *must act in concert and cooperation*, although they do not personally participate in the specific act causing the damage, or although their acts are done separately." 63 C.J. 887, Sec. 2. (Italics ours.) Again, "One who orders the doing of a trespass, advises, encourages, procures, or incites it, or conspires with the actual doer for the doing of it is liable * * *." 63 C.J. 931, Sec. 68. "The general rule is that all who wrongfully contribute to the commission of a trespass or assent to its commission or connive therein, or who aid, abet, assist, or advise a trespasser in committing a trespass are equally liable with the one who does the act complained of. It is essential, however, that there be some cooperation and concert of action between them." 63 C.J. 1129, Sec. 935, Sec. 80. Again the same authority says: "As a general rule one who counsels, advises, abets or assists in the commission by another of an actionable wrong is responsible to the injured party for the entire loss or damage." 62 C.J. 1129, Sec. 43.

From these undoubtedly correct statements of the law, it is quite certain that in Case Three and the instant case the defendants are not truly joint tort feasors, since there is but one wrong and that wrong committed by A, or in the instant case, by Edins. It is not true that the *master's liability based upon a trespass or crime of another only exists when such other is a servant or agent acting within the scope of his employment*. "To the general rule that the master is liable only for such torts of the servant as are committed by him while acting within the scope of his employment, there are some exceptions." 39 C.J. 1287, Sec. 1482. In the case of Dillingham v. Russell, 73 Tex. 47, 11 S.W. 139, 3 L.R.A. 634, 15 Am.St.Rep. 753, the master was held liable for a crime, as well as a trespass, of a servant who admittedly was not acting within the line of the servant's duty. Had there been a question of venue in that case could it have been held that plaintiff's petition was not alone sufficient to show that the same was one based upon a crime or trespass?

There is, of course, no room to question that in the instant case the suit as it relates to Edins is a suit based upon a trespass committed in Jones County. But a single wrong was committed, and that committed by Edins alone. How, then, can it be said with the support of any reason that although the suit as to Edins is a suit based upon a trespass, as to Moreland it is not a suit based upon a trespass? Are not things equal to the same thing always equal to each other?

Since the Supreme Court has commanded us to certify this question, subject to an alternative which, owing to some misunderstanding of the majority opinion, cannot be availed of to avoid a certification, and since it is deemed necessary to certify other questions before we can take proper final action herein, if the judgment is still within the control of this court, the writer will request the inclusion in the questions certified of this question more comprehensively and specifically stated as follows: In a suit brought against an alleged master and servant seeking to establish a joint liability of both, and where the venue of such suit is sought to be sustained under exception 9 to the general rule in that the suit is one based upon a trespass committed in the county where the suit is pending, is the plaintiff's petition sufficient evidence that the suit is of such nature leaving as the only additional venue facts to be established by other evidence those only necessary to show that the alleged servant or employee actually committed the trespass, alleged, in the county of the suit?