Gordon GIBSON, Appellant,

v.

The STATE of Texas et al., Appellees.

No. 3353.

Court of Civil Appeals of Texas.
Waco.

March 15, 1956.

Rehearing Denied April 5, 1956.

Gordon Gibson, J. G. Hornberger, Laredo, for appellant.

John Ben Shepperd, Atty. Gen., Sidney P. Chandler, Asst. Atty. Gen., Sam H. Burris, Dist. Atty., Alice, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Duval County overruling the plea of privilege of defendant Gordon Gibson on the ground that he had *waived* his plea of privilege.

Duval County, as *plaintiff*, brought this suit against three members of the Commissioners Court of such county and against Gordon Gibson, an attorney, to cancel a contract of employment between the Commissioners Court and attorney Gibson. Plaintiff further sought a temporary restraining order and temporary injunction, restraining the defendants from proceeding under the contract sought to be cancelled. The trial judge, without hearing, granted the temporary restraining order and set time for a hearing of the temporary injunction. Gibson filed an answer to the application for temporary injunction, which stated:

"Appearing now solely in response to plaintiffs' application for a temporary injunction and for the purpose only of showing cause thereto, Gordon Gibson, reserving always the right to file all proper pleas, dilatory, or in bar at the proper time, says:"

Gibson thereafter set out his contentions as to why a temporary injunction should not be granted.

Upon hearing on the temporary injunction the Trial Court granted same for plaintiff.

Thereafter, *and within proper time*, defendant Gibson filed his plea of privilege

to be sued in the county of his residence, Webb County. Plaintiff, within proper time, filed an affidavit controverting Gibson's plea of privilege, and the trial judge set the time for hearing on the plea and controverting affidavit.

On the day set for the hearing on the plea of privilege and controverting affidavit plaintiff offered no evidence in support of its allegations in the controverting affidavit, but asserted that Gibson had waived his plea of privilege by filing the pleadings that he filed in response to the plaintiff's application for temporary injunction and by invoking the action of the court at the temporary injunction hearing.

The Trial Court entered an order finding that Gibson waived his plea of privilege and overruling same.

Gibson appeals, contending that the Trial Court erred in holding that he had waived his right to plead his privilege.

McDonald, 1 Tex.Civ.Practice, p. 431, states the rule to be: "A pending plea of privilege will be waived by actions which invoke the judicial power of the court in a manner inconsistent with continuing intent to insist upon the plea. * * * But this rule applies, as indicated by its statement, only when the judicial power is invoked on a matter and in a manner which negatives a continuing intent to insist upon the plea."

In the case at bar Gibson's pleading was filed *only* to defeat the application for temporary injunction. The pleading so states in its opening paragraph that the defendant Gibson was *appearing solely in response to plaintiffs' application for temporary injunction and for the sole purpose of showing cause why it should not be granted and further reserves the right to file all proper pleas, dilatory or in bar, at the proper time.*

Powell v. Goldsmith, Tex.Civ.App., 164 S.W.2d 45, W/E Dis., is an almost parallel case. Headnote 6 in that case says:

"Where it appeared that defendants' action in presenting their plea in abatement and exceptions in answer was directed solely at a temporary injunction theretofore granted, defendants' action was not an 'appearance' by them, and hence would not constitute a 'waiver' of their plea of privilege to be sued in the county of their residence."

It is our view that the pleading filed by Gibson in the case at bar was directed solely to show cause why the injunction should not be granted, and that such did not amount to an appearance by him in the main case, but only an appearance in an ancillary matter. From the record as a whole, in our opinion, the reasonable and just view to take of Gibson's action in filing and presenting his pleading was that he sought only a dissolution of the temporary restraining order theretofore entered and to prevent the temporary injunction from being entered.

█ It follows that it is our view that the Trial Court erred in holding that Gibson had waived his plea, and for which reason this cause must be reversed.

█ The Trial Court should have heard evidence on the plea of privilege and controverting affidavit and entered its judgment on the merits thereof. Since the Trial Court did not do this, and since the rights of the parties under the plea of privilege and controverting affidavit were not determined or the case thereon developed in any wise, we believe that the ends of justice would be better served by reversing and remanding rather than rendering the cause. See: Maitland v. Santor, Tex.Civ.App., 216 S.W.2d 298; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Aetna Life Ins. Co. v. Gallagher, Tex.Com.App., 127 Tex. 553, 94 S.W.2d 410; Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; Crim v. Logan, Tex. Civ.App., 277 S.W.2d 298.

Reversed and remanded.